## THE PEORIA MARINE AND FIRE INSURANCE COMPANY

### v.

## CHARLES BOTTO.

1. CONTRACTS—*rescission, duty of party on.* The general rule is, and as announced by this court in several cases, that a party can not rescind his contract without restoring to the other whatever he has received under it.

2. FORMER DECISIONS. *Buchenau* v. *Horney*, 12 Ill. 336; *Smith* v. *Doty*, 24 ib. 165, and *Gehr* v. *Hagerman*, 26 ib. 441, cited in support of the rule.

3. INSURANCE — *the policy and its conditions* — *of the power to cancel* — *return of unearned premium a condition precedent.* Where, by the conditions of a policy of insurance, the right to cancel the same is reserved to the company, upon the happening, or doing, of certain things therein enumerated, it is incumbent upon the company, before a valid cancellation can be had, to tender to the assured the amount of the unearned premium, with the notice of such action,—the tender being precedent to the exercise of the right of cancellation.

APPEAL from the Superior Court of Chicago.

The opinion states the case.

Messrs. SCAMMON, McCAGG & FULLER, for the appellants.

Messrs. WILSON & MARTIN, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant, in the Superior Court of the city of Chicago, brought by Charles Botto, against The Peoria Marine and Fire Insurance Company, on a policy of insurance, for three thousand dollars, containing, among others, this clause : " If, during the insurance, any subsequent insurance should be made upon the property hereby insured, or the risk be increased by the erection of buildings, or by the use or occupation of neighboring premises, or otherwise,

or if, for any cause, the company shall so elect, it shall be optional with the company to cancel this policy, in which case the company will refund the premium for the unexpired time."

The defense was, that the company had elected to cancel, and had canceled, the policy before the fire occurred.

This issue was tried by the court without a jury.

The court found for the plaintiff, for the amount of the policy, and nine months's interest, amounting in all to three thousand one hundred and thirty-five dollars.

A motion for a new trial was overruled, and judgment entered against the company for the above sum and costs.

To reverse this judgment, the case is brought here by appeal.

The evidence on this point is that of the plaintiff himself. On his examination as a witness, a paper was handed to him, of which the following is a copy:

"CHICAGO AGENCY OF THE PEORIA MARINE & FIRE INSURANCE
COMPANY.

"*Organized A. D.* 1841......... *Capital,* $500,000.

"ISAAC UNDERHILL, President,      ALEX. G. TYNG, Secretary,
"P. R. K. BROTHERSON, Vice Pres't, J. K. MURPHY, Agent.

"CHICAGO, November 22, 1866.

"CHAS. BOTTO, ESQ.,
            "Dear Sir: —

"You are hereby notified of the cancellation of your policy of insurance, No. 12,467, insured May 24th, 1866, for one year, in the Peoria M. and F. Insurance Company, for $3,000.00, said cancellation to take effect on and after Friday, the 23d day of November next, at 12 o'c M.

"You will please call and receive your return prem. on surrendering your policy. By giving this your immediate attention, you will much       

                "Oblige,

                        "J. K. MURPHY, Agent,
                            "Per KENNEDY."

On his cross-examination, he said a boy called at his saloon and said, "Here's a letter; they want to see you at the office," and then handed him an envelope containing the above notice. On re-examination, he said the notice was brought between 7 and 8 A. M.; he was standing up near the stove; two boys came into the saloon and said they wanted to see him, and left the letter; he asked, "Where?" and they said, "Round at the office," and that was all that was said. On the cross-examination being resumed, he admitted he said, "All right;" that they mentioned no word about premium; did not read the letter while the boys were there; they were there about two minutes.

Kennedy, a witness for the company, said he wrote the notice by direction of Murphy, the agent, and delivered it in person to plaintiff, at his place of business, on Madison street, in the evening of the day of its date. The tenor of his remarks to plaintiff was, that the policy was canceled, and the letter he gave him was the notice of it, and wanted him to call at the office and get his premium; don't remember exactly as to the time; thinks he was alone, don't remember of any one being with him.

Murphy testified that the money was ready to pay him back the unearned premium; went to plaintiff's place of business two or three times, to ask him for the policy and pay him the premium, but never found him in; he told his business to some man who had charge of the business, who might have been plaintiff's brother.

On this evidence, the court found there was no cancellation of the policy. There is some discrepancy in the testimony of the plaintiff and Kennedy, as to the time and circumstances under which the notice was delivered, but it is not material that it should be reconciled, as the case turns upon the single point, was there enough done by the company to make a cancellation of the policy complete.

Premiums had been paid, in order to secure the policy, what amount is not disclosed, but that money was paid the company for the policy, for one year, is not denied, and was in their hands at the date of the notice.

Admitting, under the clause quoted from the policy, that the company, without cause, could cancel the policy, this power conceded to them, did not relieve them from the obligations a party to any other contract is under when a cancellation has been determined upon. The general rule in such cases, we believe, is, that the party cancelling must restore whatever he has obtained by the contract. So this court held in *Buchenau* v. *Horney*, 12 Ill. 336, which was a contract of sale, where it was held, if one party rescinds he must return the property purchased, in as good condition as when he received it, unless it is entirely worthless.

To the same effect is *Smith* v. *Doty*, 24 ib. 165, and *Gehr* v. *Hagerman*, 26 ib. 441.

To effect a cancellation of this policy, the notice should have been accompanied by the tender of the unearned premium. It was no part of the business of the assured, to take his policy to the office, there have it canceled, and then receive the unearned premium. The assured did not desire to have it canceled, and it would be unreasonable that he should put himself to trouble and inconvenience to have that done which he did not wish to have done, and in doing which, he was not obliged to take any step. We do not think, with appellants, that Botto's saying "All right," when the letter was handed him, was an assent, on his part, that he would call at the office, for he testifies he did not read the letter whilst the bearer of it was present, and that not a word was said about premium to be refunded, at the office, or at any other place.

We think it is incumbent on every insurance company acting under such a clause as in this policy, to tender the unearned premium with the notice of cancellation. The tender must be

held to be a condition precedent, else in case of litigation growing out of the transaction, the company would, all the time, have the use of the money of the assured, and he, to that extent, be prevented from effecting any other insurance. We think justice and fair dealing require this, as nothing short of it will put the contracting parties in *statu quo.*

Some cases have been referred to by appellants' counsel supposed to bear in this case. The first is *Fabyan* v. *The Union Mutual Fire Insurance Co.*, 33 N. H. 203, the other is *Emmett* v. *Staten Mutual Fire Ins. Co.*, 7 Rh. I. 562. These were companies organized on a basis quite different from that of appellants; they were mutual insurance companies, and a person insured in such becomes a member of the company, and, instead of paying money for his policy, he gives his promissory note, which is paid by dividends credited upon it. In the Rhode Island case, a credit of unearned premium endorsed on the premium note might be considered equivalent to actual return of it.

In Fabyan's case, by the terms of the policy, the insurers were discharged from liability, by reason of the double insurance obtained by the assured, without their knowledge or consent, consequently, there was no ground to claim a return of the premium paid. It was enough that the deposit note was discharged.

In Goodfellow's case, Upper Can. Queen's Bench 411, Digest of Fire Insurance Decisions 148, the question of a return of premium was not made, the case turning upon the effect of a conditional acceptance of a proposition to insure.

There being no valid cancellation shown, the judgment of the Superior Court must be affirmed.

*Judgment affirmed.*