## THE WILLIAMSBURG CITY FIRE INSURANCE CO.

### *v.*

### ELIZABETH S. CARY.

1.  INSURANCE—*consent to removal of goods.*   It is not indispensable to a recovery for a loss of goods insured, after their removal to a different place, that consent should be first obtained for the removal; a subsequent ratification of the act, with a full knowledge of all the facts, is equivalent to a precedent consent.

2.  When the local agent of an insurance company is informed that goods insured have been removed, long before any loss occurs, and the company does not elect to cancel the policy and give the assured an opportunity of again insuring, it will be liable for the loss.

3.  It would be inequitable to permit an insurance company to maintain that its policy was not binding upon it, and still retain the balance of the unearned premium when it had positive knowledge of that which it insists effected the forfeiture.

4.  SAME—*estoppel to insist upon that which has been waived.*   A policy of insurance does not become absolutely void on a breach of the implied warranty as to the location of the property embraced in it, as the company may waive any restriction made for its benefit; and when such waiver distinctly appears, the insurer will be estopped from insisting upon that which is inconsistent with what he has said and done, and which affects the rights of others.

5. SAME—*defects in preliminary proof waived by denial of liability.*
When an insurance company refuses to pay a loss, placing its refusal upon
its non-liability in any event, it can not insist, in defense of an action, that
the preliminary proof was insufficient.

6. SAME—*waiver of limitation clause.* Although a policy of insurance
may contain a clause prohibiting a suit for a certain time after loss, yet, if
the company positively refuses to pay under any circumstances, claiming
that it is not liable at any time or in any event, the assured may bring suit
at once, as the refusal will render the limitation clause nugatory.

7. ERROR—*excluding testimony that could not change the result.* Where a
case is fairly submitted and justice done, the judgment will not be reversed
for error in excluding evidence that would not have tended to change the
result.

APPEAL from the Superior Court of Cook county; the Hon.
JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, by the appellee, against
the appellant, to recover on a policy of insurance for a loss of
a lot of millinery goods, valued at $1600. A trial was had,
resulting in a verdict and judgment for the plaintiff.

Messrs. CAULFIELD, HARDIN & PATTON, and Mr. J. H.
BINCKLEY, for the appellant.

Messrs. JOHNSTON, ROGERS & APPLETON, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

When the risk was assumed by the insurance company the
goods covered by the policy were situated on the ground floor
in building No. 88 State street, but before the destruction by
fire the assured had removed them to No. 368 Wabash ave-
nue. It is conceded no previous consent had been given the
assured for the removal, but whether the company subse-
quently consented to carry the risk on the goods, in the new
location, was one of the contested questions on the trial. On
this point the testimony was conflicting. but if the jury gave
credence to the witness Underwood, it was sufficient to war-
rant the finding in favor of plaintiff.

Upon this question in the case, defendant asked the court

to instruct, the description of the location of the goods in-
sured amounted to a warranty they should remain in the same
situation, unless appropriate words, elsewhere expressed in the
policy, manifested an intention to cover the property wherever
situated; but if no such words were found, and the goods were
removed without consent first had and obtained, such removal
entirely discharged the insurance. We are inclined to think
the substance of all that is accurately stated in the instruction
asked was contained in others that were given on behalf of de-
fendant, but the court was justified in refusing it, for the
reason, the latter clause is not a correct expression of the law.
It was not indispensable that consent should be first had and
obtained to the removal of the goods. A subsequent ratifica-
tion of the act, with a full knowledge of all the facts, is equiv-
alent to a precedent consent. After the goods had been
removed to the place where they were destroyed, the company's
local agent was notified of such removal, and was asked to
consent to carry the risk in the new location. This fact is not
controverted, but whether such agent did in fact give his con-
sent is a matter of contention between the parties. As we
have seen, the finding was for plaintiff, and that ought to be
regarded as conclusive. At all events, the company, when
notified of the change in the location of the goods, did not
elect to cancel the policy. Authority was reserved to either
party to rescind the insurance contract. On every principle
of justice, the non-action of the company, on receiving in-
formation of what had been done, ought to be regarded as an
election not to declare the policy forfeited on account of the
removal of the goods. Equitably, if the company did not
desire to carry the risk longer, because of the change in the
location of the goods, it ought, in fair dealing, to have re-
turned the unearned premium and rescinded the insurance
contract. It might well treat the removal of the goods as a
breach of the warranty implied from a description of the loca-
tion of the goods, and declare the policy forfeited. But no
action was taken, and after notice, the assured might infer the
company was willing to carry the risk notwithstanding the

change in the location of the property. Had the company canceled the policy, as was its privilege, the assured could, doubtless, have been able to procure other insurance, and in all probability would have done so. The non-action of the company was an indication it was willing to continue the policy in force, and may reasonably have inspired that belief in the mind of the assured. Surely it would be inequitable to permit the company to maintain, the policy was not binding upon it, and still retain the balance of the unearned premium, when it had positive knowledge of that which it is insisted effected a forfeiture. That knowledge, in this case, was given long before any loss occurred, and yet the company did not choose to avail of its privilege to cancel the policy.

Much subtle reasoning has been indulged on the proposition, if the location of the goods described in the policy was changed without first obtaining the consent of the company to such removal, it would render the policy void, and the liability of the company would only arise on the making of a new contract with it or with its agent. A more accurate expression of the law would be, the removal of the goods covered by the policy would give the company, on obtaining information of that fact, the right to cancel the policy, but if no notice was given before loss occurred, doubtless the policy would cease to be binding, and no action could be maintained upon it. That is the contract between the parties, and there is no reason why it is not valid. But it is not strictly correct to say the policy becomes absolutely void on a breach of the implied warranty as to the location of the property embraced in it. The restriction the law imposes upon the assured, in this regard, is for the benefit of the insurer, that the risk may not become more hazardous, but, nevertheless, it is a privilege it may waive at its election. Where such waiver distinctly appears, as we are authorized to believe it does in this case, the law is, the party will be estopped from insisting upon that which is inconsistent with what he has said and done, and which affects the rights of others. *New England Fire and*

*Marine Insurance Co.* v. *Wetmore*, 32 Ill. 221; *Illinois Fire Insurance Co.* v. *Stanton*, 57 Ill. 354.

As to the objection, the proofs of loss furnished were insufficient under the conditions of the policy, we think the assured was relieved from any obligation to make further proofs, in consequence of the company placing its refusal to pay the loss suffered on the distinct ·ground of non-liability in any event. Timely notice of the loss was, in fact, given, and had the company been willing to pay the loss upon sufficient proofs, the defects now insisted upon could and would have been readily supplied. But that was not the reason of its refusal, and had the assured complied with every minutia in the condition of the policy in making the proofs of loss, we are warranted in believing, from the facts proven, the refusal of the company ·would have been none the less absolute and positive. It would have been folly to impose upon the assured the burden of doing an act that would not, in the slightest degree, have changed the determination of the company. The law has required no such useless thing to be done. *Peoria Marine and Fire Insurance Co.* v. *Whitehill*, 25 Ill. 470.

Nor was the action prematurely brought. Having placed its refusal to pay the loss on the ground there was no liability upon the company in any event, it can not avail of the limitation clause of the policy as a defense. Waiving preliminary proofs, as also a waiver of this stipulation in the policy, renders it nugatory. According to the testimony, the president, on examination, decided the assured had no legal claim upon the company for the loss. This conclusion was not produced by any defects in the preliminary proofs of loss, but it was in consequence of the belief the company, under no circumstances, could be held liable for the loss. What reason can be assigned for extending to the company the benefit of the limitation clause in the policy as to the bringing of an action for a loss which its officers have decided, upon full examination, not to pay ·at any time nor under any circumstances? The time given, in which to make payment of the loss, was of no value to the company, for it did not intend to

pay at all, and the assured was at liberty to bring her action at once. *Ætna Insurance Co.* v. *Maguire*, 51 Ill. 342.

We are inclined to think there was no error in the action of the court in excluding testimony offered by defendant, but if there was it was not of sufficient importance to justify a reversal of the judgment for that reason alone. The case seems to have been fairly submitted, and on the whole record we think justice has been done. Had the testimony excluded been admitted, we do not think it would have had any tendency to change the result.

The judgment will be affirmed.

*Judgment affirmed.*