## John J. Ronan, Adm'r, etc., v. The Michigan Mutual Life Ins. Co.

1. LIFE INSURANCE—*Limitations in Policies Are Valid.*—A provision in a policy of life insurance, that no suit arising out of the contract shall be begun more than one year after the death of the insured, is a lawful and enforcible limitation.

Assumpsit, upon a life insurance policy. Error to the Circuit Court of DeKalb County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

JONES & ROGERS and A. G. KENNEDY, attorneys for plaintiff in error.

JAMES McCARTNEY, attorney for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

This is a suit in assumpsit brought by John J. Ronan, as administrator of the estate of Henry L. Bowers, deceased, upon a life insurance policy issued by the Michigan Mutual Life Insurance Company, a foreign insurance company located at Detroit, in the State of Michigan. Suit was begun October 10, 1898. The policy was issued to said Henry L. Bowers on the 14th day of February, 1896, and the deceased came to his death by suicide on the 27th day of November, 1896.

At the time of the death of the insured it was supposed he had a life insurance policy in force. Search was made for the same on the day of the death, but no trace of it could be found.

Inquiry was made of Dollmeyer, the agent of the company, as to who the beneficiary named in the policy was, but the agent had forgotten. The agent was requested to write to the company and ascertain about the policy and he did write to the company and it replied that it refused to pay the policy on the ground that the insured had committed suicide.

The policy was not found until more than a year after

the time of the death of the insured, and soon thereafter suit was begun upon the same.

The court instructed the jury to find for the defendant.

The policy contained the following provisions:

"No suit arising out of this contract shall be begun more than one year after the death of the insured."

Appellant endeavored to avoid the effect of this limitation by showing that the policy could not be found and consequently the name of the beneficiary could not be ascertained.

The evidence did not disclose any very earnest and thorough effort to ascertain the name of the beneficiary. The name of the company was known and that it disclaimed all liability thereunder.

Appellee did nothing to mislead those interested in the policy nor to prevent their ascertaining the contents of the contract.

The limitation as to the beginning of suit is a lawful one and enforcible. Peoria Ins. Co. v. Whitehill, 25 Ill. 466; May on Insurance, 4th Ed., Sec. 478; Hart v. Citizens Ins. Co., 86 Wis. 77.

The judgment of the Circuit Court is affirmed.