## Millie M. Dickerson v. Northwestern Mutual Life Ins. Co.

1. LIFE INSURANCE—*Valid Provisions Relating to Suicide of the Insured.*—The court knows of no reason why it is not competent for a life insurance company to make and insert in its policies a provision " that if the insured shall, whether sane or insane, die by his own hand, the policy shall be null and void and bind the beneficiary by such provision.

2. SAME—*Self-Executing Provisions.*—A provision in a policy of life insurance that if the insured shall die by his own hand, whether sane or insane, then the policy shall be null and void, is self-executing.

Assumpsit, on a policy of life insurance. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed May 23, 1902.

ALEXANDER CLARK, attorney for appellant.

HOYNE, O'CONNOR & HOYNE, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action in assumpsit to recover upon a life insurance policy issued by appellee to one Samuel H. Dickerson of Cleveland, Ohio. The policy was dated December 18, 1896, and provided for the payment of $2,000 to appellee, wife of said Dickerson, upon proof of his death. The policy

contains a provision that "If this policy shall cease or become void within three years from its date, all payments thereon shall be forfeited to the company, but after payment of premium for three years it shall be non-forfeitable under and subject to" certain conditions subsequently expressed, one of which is, that if the insured "shall, whether sane or insane, die by his own hand, then  *  *  *  this policy shall be null and void." The insured committed suicide October 4, 1898, at Cleveland, Ohio. By agreement the cause was submitted to be tried without a jury. The trial court found the issues for the defendant, overruled a motion for a new trial and entered judgment accordingly. From that judgment this appeal is prosecuted.

It is urged by appellant's counsel that the demurrer to the second replication by appellant to six special pleas filed by appellee was erroneously sustained. These special pleas each set up that the insured died by his own hand and that by its terms the policy thereby became void.

It is contended that this defense was waived by the retention on the part of the insurance company of a portion of the premium unearned at the time of the death of the insured. The amount of this unearned premium was, it is said, about $28, covering a period of about two and a half months not then expired. It is claimed that the violation of the condition relied upon by the company caused by the death of the deceased by his own hand, merely rendered the policy voidable at the election of the insurer and not absolutely void; that it was what is known as a condition subsequent, a mere right to avoid the policy. Doubtless even such a condition can be waived. But the policy provides in express terms that if the insured dies by his own hand it shall *ipso facto* become at once void. This provision is self-executing. No action on the part of the company is by its terms required. It is like those self-operating provisions for forfeiture which are frequently contained in policies of insurance or certificates of membership in mutual benefit associations. (See Lehman v. Clark, 174 Ill. 279–292.) We do not know of any reason why it was

not competent for the insured to make such a contract with
the insurer and bind his beneficiary.   It is not claimed that
this provision of the contract was waived by the acceptance
of any premium after the death of the assured.   The con-
tention is that the failure to return a then unearned portion
of the premium previously paid constitutes such waiver.
There is here no question of fraud or false representations
on the part of the assured.   In such cases prompt action
on the part of the company to repudiate the contract and
return the premium is required.   But in the case at bar the
assured and his beneficiary had the benefit of the contract
up to the time of the death of the former by his own hand.
Had he during any portion of that time died a natural
death, the policy would have remained in full force and
effect.   It was for such protection only that the premium
was paid.   There has been here no rescission of the contract
by the company.   It has been abrogated and abandoned by
the act of the assured.   The company has done nothing and
needed to do nothing.

It is argued that the provision in the contract above
quoted, to the effect that if the policy shall become void
within three years all payments thereon shall be forfeited,
is void as to any unearned premium for want of considera-
tion.   But the question is not whether appellant can recover
back the $28 of the premium paid which is said to have
been unearned at the time when the policy became void by
the act of the insured.   The only question here is whether
the failure of the company to return it of its own volition
without any demand therefor by appellee is a waiver of the
provision of the contract, by which the policy became void.
Clearly there is no room for any such construction.   The
doctrine as contended for by appellant's counsel, " that if a
company wishes to cancel a policy it must return the
unearned premium," is not applicable to the facts in this
case.   It is no doubt true that a company seeking to cancel
a policy " without cause," as is said in Insurance Company
v. Botto, 47 Ill. 516, " must restore whatever it has obtained
by the contract."   The same rule is applied, where the pol-

icy never was valid; and where there is ground for the cancellation of a policy, the company " can not remain mute with a knowledge of the existence of forfeiture, and if there be no loss, retain the entire premium, but if there be one, rely upon the breach of the contract." (Phœnix Ins. Co. v. Spiers et al., 87 Ky. 285, cited in appellant's brief.)   In the case at bar, there was no effort by the company to cancel the policy during the lifetime of the insured without returning the premium.   It continued in full force and effect, and secured to the assured and his beneficiary all that it purported to secure and all that the premium had been paid to secure until it was abrogated in accordance with its terms. In Williamsburg City Ins. Co. v. Cary, 83 Ill. 453–456, cited by appellant's attorneys, it is said that the violation of the terms of the policy by the insured in that case " would give the company, on obtaining information of that fact, the right to cancel the policy, but if no notice was given before loss occurred, doubtless the policy would cease to be binding, and no action could be maintained upon it.   That is the contract between the parties, and there is no reason why it is not valid."   So in the case at bar we see no reason why the contract made by the parties is not as valid as it is clear and indisputable.   There was nothing in the conduct of the company that misled the insured in any way to expect that the condition of the policy in controversy would not be insisted on.   No act of waiver on the part of the company is suggested.   Appellant's contention is, that it has simply failed to look up the beneficiary and pay her a small portion of the premium, claimed to have been unearned because the full time for which it kept the insurance in force had not expired.   This surely is not a waiver of the terms of the policy, nor does it indicate any intention on the part of the company to keep the policy in force, as was the case in Baker v. New York Life Ins. Co., 77 Fed. Rep. 550.   What is said in Phœnix Ins. Co. v. Stevenson, 78 Ky. 150, is, we think, in point here.   " The act or contract of the company, in order to operate as a waiver of its rights to rely upon the breach as a release from liability,

must be such that the insured might reasonably infer therefrom that the company did not mean to insist upon the forfeiture. The insured must have been misled to his prejudice, and if he is so misled by a reasonable reliance upon the acts or conduct of the insurer the waiver or estoppel attaches whether it was so intended or not." See also, Colby v. The Cedar Rapids Ins. Co., 66 Ia. 577.

The judgment of the Superior Court must be affirmed.