## Potomac Insurance Company v. W. B. Atwood.

### Gen. No. 11,557.

1. INSURANCE POLICY—*how notice of cancellation should be given.* In the absence of any stipulation in the policy as to the manner in which notice of cancellation should be given, actual personal notice must be had.

2. INSURANCE POLICY—*when deemed not cancelled.* Where the policy provides for cancellation at any time by the giving of five days' notice, a cancellation is not deemed to have been effected where the mailed notice of cancellation was not actually received by the insured five days previous to the loss.

3. INSURANCE POLICY—*when suit upon, may be instituted at any time after loss.* Where the insured tenders proofs of loss and the same are returned with a total denial of liability, suit may be immediately brought upon the policy notwithstanding a provision providing for suit only after a lapse of sixty days after the submission of proofs of loss.

4. DECLARATION—*when sufficient to authorize recovery upon insurance policy.* Held, that the declaration in this case sufficiently averred the location of the property destroyed at the time of the fire.

5. WAIVER—*when declaration sufficiently alleges.* Where the policy sued on contained a provision that no suit should be instituted until after full compliance by the insured with its requirements, and the declaration avers that the plaintiff has kept and performed all things in said policy mentioned on his part to be kept and performed, that the defendant has not paid the loss or damage, and that upon a date averred the defendant informed the plaintiff that it "would not pay any loss whatever under said policy," such declaration in effect avers a waiver of the sixty-day limitation and dispenses with any need of averring that the time had elapsed.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed March 7, 1905.

**Statement by the Court.** This is an action in assumpsit to recover upon a fire insurance policy issued to appellee by appellant.

The policy by its terms insured appellee from the 8th day of March, 1902, to the 8th day of March, 1903, at noon against all direct loss or damage by fire to property therein described, to an amount not exceeding $1,000. The policy contained a provision that it might be cancelled "by the company by giving five days' notice of such cancellation."

March 22, 1902, appellant concluded to cancel the policy and caused a registered letter to be deposited in the post office at Chicago, addressed to appellee at DeKalb, Illinois, giving notice of cancellation and stating that appellee would " be allowed until the 27th day of March, 1902, at 12 o'clock noon to replace the insurance elsewhere, after which time we shall cancel said policy on our books, and all liability of said company under said policy will then cease and determine, and we request you to return said policy to this office on or before the date mentioned."

The letter was received at the post office in DeKalb Monday the 24th of March, and a notice signed by the postmaster was addressed to appellee and placed in his post office box the morning of that day requesting him to " appear in person or send written order for a registered letter of your address in this office." The letter not having been called for, the postmaster placed a second such notice in appellee's post office box April 1. The afternoon of that day appellee's wife called for the registered letter and gave it to her husband.

Appellee received the notice of cancellation, therefore, April 1, 1902. The following morning, April 2, at about 9 o'clock his stock of merchandise covered by the policy in controversy was destroyed or damaged by fire. Appellee made proofs of loss in usual form. These were returned to him by appellant, who declared " we expressly deny any liability under said policy whatever."

Appellee recovered judgment upon the verdict of a jury in his favor, from which this appeal is prosecuted.

CHARLES B. OBERMEYER, for appellant.

Potomac Ins. Co. v. Atwood.

FREDERICK A. BROWN and A. G. KENNEDY, for appellee; BROWN & ALLING and JOHN W. McQUEEN, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant's principal contention is that the policy sued upon had been cancelled before the loss occurred. It is argued that appellant had done all that could reasonably be required of it to effect cancellation. The policy contained the provision that it might be cancelled at any time " by giving five days' notice of such cancellation." It is said this requirement was sufficiently complied with when appellant undertook to give such notice by mailing to appellee a registered letter to that effect; that the policy did " not provide for actual notice." It is no doubt true, as appellant suggests, that it was not its fault that appellee did not get his mail promptly. The fact, however, remains that until appellee received the registered letter he had no notice of the intention to cancel the policy. He did not in fact receive any such notice until five days after the time therein fixed by appellant as the time when the policy would be cancelled. In the absence of any stipulation in the contract as to the manner in which notice shall be given, actual personal service must be had. N. W. Trav. Men's Ass'n v. Shauss, 148 Ill. 304–309; Ry. Pass. & Ft. Conductors Ass'n v. Leonard, 82 Ill. App. 214–218. The policy under consideration required " five days' notice." This language can be construed as meaning nothing more nor less than what it says. There is no modifying word or phrase, no condition, no limitation, nothing left to implication. It is "notice," that is, actual notice. As said in Pro. Life Ins. Co. v. Palmer, Adm'r, 81 Ill. 88–94, " the placing of a notice in the post office is no more the service of a notice than placing it in the hands of a messenger."

It is urged that the first count of the declaration does not state a cause of action because of the alleged absence of an averment that the property was located at the time of the fire as described in the policy. But the declaration avers appellee's ownership of the property as located and de-

scribed in the policy.   The latter is set forth in the declaration and made a part thereof.   It is averred that the property therein described was "then and there" lost by the fire.   An averment, morever, contained in the second count expressly states that the property was lost "while located and contained as described in said policy."

Appellant returned to appellee the proofs of loss furnished by the latter, with an express denial in writing of "any liability under said policy whatever."   This was a waiver of right under the policy to the sixty days' time allowed after proofs of loss were furnished, before suit should be brought.   The provision of the policy to that effect thereupon became nugatory.   Williamsburg City Ins. Co. v. Cary, 83 Ill. 453–457.   The suit was not in fact commenced until after the expiration of that period.   It is insisted, however, by appellant, that the declaration should have contained an express averment that sixty days had elapsed after proofs of loss were received by the company before the action was commenced.   The policy contains the provision that no suit shall be sustainable until after full compliance by the insured with its requirements.   There is an averment in the declaration that the plaintiff has kept and performed all things in said policy mentioned on his part to be kept and performed, that the defendant has not paid the loss or damage, and that on the 24th day of April, A. D. 1902, it informed plaintiff that it "would not pay any loss whatever under said policy."   That averment charges in effect a waiver of the sixty days' limitation and dispenses with any need of averring that the time had elapsed.   See Milwaukee Ins. Co. v. Schallman, 188 Ill. 213–220.

There is evidence sufficient to sustain the verdict, and finding no material error the judgment will be affirmed.

*Affirmed.*