## The North American Accident Insurance Company v. Charles F. Williamson.

### Gen. No. 11,686.

1. Deposition—*when certificate of official character need not accompany.* It is not necessary that a certificate of the official character of the officer taking a deposition, accompany the same, where the *dedi-*

North American Accident Ins. Co. v. Williamson.

*mus* is addressed to a specified individual who was in fact an officer authorized to take the deposition.

2. DEPOSITION—*when certificate of official character may be attached to.* The certificate of the official character of the officer who has taken the deposition may be attached thereto at any time before it is read in evidence.

3. DEPOSITION—*what certificate to, need not certify.* It is not essential that the cerificate attached to a deposition certify that the notary who took the same was authorized by the laws of the state where he resides to administer oaths.

4. EVIDENCE—*when letters competent as.* Letters of one party to the suit addressed to him by the other party thereto, where relevant, are competent, regardless of how received.

5. WAIVER—*what evidence sufficient to establish.* Slight evidence is sufficient to establish the waiver by an insurance company of a clause in its policy requiring suit to be brought thereon within a specified time.

6. WAIVER—*when established.* Held, from the facts in this case, that the defendant company waived the provision of its policy requiring suit to be brought thereon within the time specified therein.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed April 18, 1905.

**Statement by the Court.** This suit was brought originally before a justice of the peace to recover upon a policy issued by appellant indemnifying appellee against injury by accidental means. The policy was issued May 31, 1892, and by its terms appellee was entitled to $25 a week for loss of time resulting from bodily injury causing total disability. July 23, 1901, appellee was bitten in the calf of his leg by a dog, and claims to have been thereby totally disabled from transacting any business for a period between seven and eight weeks. Notice was given to appellant and proof of injury submitted. Considerable correspondence followed, appellant claiming that appellee's claim was excessive. The policy contains the following provision:

"No legal proceedings for a recovery hereunder shall be brought within three months after the receipt of such proof at the office of the association, nor at all unless begun within seven months from the date when said association shall have received such proof."

The suit was not begun until March 5, 1903, nearly eighteen months, it is said, after proofs were filed with the company, which was done on October 1, 1901. The company claims that the action was barred by the limitation of the policy. Appellee claims that the company waived the limitation in and by certain letters.

In the first of these letters, dated October 21, 1901, the company acknowledges receipt of proof blank, but states that it cannot approve same as the claim is excessive, that "absorption of poison is excluded under the policy" and that " a payment of $100 on this claim should cover in full this company's liability under the policy." October 24, 1901, the company wrote again in reply to a letter from appellee dated October 22, 1901, stating it believed appellee was " a little hasty," that it had "not denied the claim, but simply informed you that we think it excessive, and we feel that we can demonstrate to you that you are asking to much for such an injury. We shall certainly take our time to investigate fully, and if we conclude that you are not entitled to the amount you claim, we will have no objection to its being properly adjudicated in the court." January 2, 1902, the company again wrote, saying, " We must apologize for not earlier taking up the matter of your claim," stating that appellee's policy provided only for total disability, that he was entitled to nothing so long as he was able to perform part of his work, that his was a cheap form of policy sold by a company of which appellant is the successor; that it must therefore draw the line closely, and asking if it is not the fact that appellee directed the business during a part of the time he was disabled, stating that it did not wish to do him injustice nor did it wish to overpay, and was willing to settle for a right amount, but that " before passing on it, will ask " if appellee did not direct his business and was not down at his office on several occasions during the time claimed for. It appears from this letter that appellee had been acting as the company's agent, and he was asked to report on certain collections. The letter concludes with a request that appellee will let ap-

North American Accident Ins. Co. v. Williamson.

pellant "have an early reply to the above questions, and we will endeavor to satisfactorily adjust this matter without recourse to litigation, which is always expensive and which we always desire to avoid." January 11, 1902, the company again writes to appellee that he is "apparently a little hasty," and that as it is "not licensed in Iowa nor Nebraska the matter if taken into court as you threaten would have to be adjudicated here;" that it does not wish to put him "to any trouble or expense, and desires to pay all the policy calls for under the circumstances." The suit was begun May 23, 1903.

Ives, Mason & Wyman, for appellant.

Edward J. Queeny, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellant's attorneys contend that the trial court erred in refusing to quash the deposition of appellee which was read in evidence, that the letters of the defendant were improperly admitted, that the suit was barred by the limitation of the policy, and that the letters admitted did not show a waiver of that limitation by the company.

The objection to the deposition is based upon the certificate of the official character of the notary public before whom it was taken. Such certificate is required by section 30, chap. 51, R. S., when the *dedimus postestatem* or commission is directed to any judge, master, notary or justice. In the present case it was addressed to a specified individual who happened to be a notary, and no such certificate of official character seems in such case to be required. A certificate under seal of court was, however, subsequently attached to the deposition, which if necessary at all it was competent to have done before the deposition was read in evidence. Scott v. Bassett, 186 Ill. 98–102. This certificate states that the commissioner was "at the time of taking the foregoing acknowledgment a notary public," etc., authorized by the laws of the State of Nebraska to take and certify acknowledgments "or proofs of deeds and other instru-

ments," etc.   All that the statute requires is a certificate of
the official character of the notary.   The certificate in ques-
tion fulfills the requirement.   It is not required by the
statute that the certificate shall state the notary was au-
thorized by the laws of the State where he resides to ad-
minister an oath.   In this case the certificate states that
the notary was authorized to take and certify proofs of
"other instruments" as well as deeds, but whether this
would necessarily imply authority to administer oaths we
need not inquire.   He was authorized to administer oaths
in the special case by his commission from the court here,
which authorized him to take the deposition of the wit-
nesses "on the oath or affirmation of the said witness by
you first duly in that behalf administered."   It is not nec-
essary that the commissioner be a notary public or other
officer authorized by the law of the State where he resides
to administer oaths.   The motion to quash was properly
denied.

Objection was made to the introduction of appellant's
letters in evidence.   They were produced by appellee, in
whose possession they were and to whom they were ad-
dressed, were competent and properly admitted.   How he
received them, whether by mail or otherwise, is not mate-
rial.

The important question is whether the letters established
a waiver by appellant of the limitation as to the time when
suit should be brought upon the policy.   If the limitation
was not waived by the company, suit could not have been
commenced within three months after receipt of proofs
of injury at the company's office, nor later than seven
months thereafter.   Proofs were filed October 1, 1901.
Suit could not therefore be commenced before January 1,
1902, nor after April 30th of that year, leaving four months
only within which appellee could sue.   Meanwhile appel-
lant was writing, deprecating a resort to legal proceedings,
and asking appellee to accept less than the full amount of
his demand.   January 2, 1902, appellant wrote that it de-
sired to pay appellee all that his policy called for.   It had

North American Accident Ins. Co. v. Williamson.

previously written that it would endeavor satisfactorily to adjust the matter without recourse to litigation, which was expensive and which it desired to avoid. It had before written that it would take its time to investigate fully, and if it concluded appellee was not entitled to the amount claimed it would not object to adjudication in court. Appellee had acted as agent for appellant and paid premiums on the policy in controversy nearly ten years. His relations with the company in view of the statements of the letters seemed to warrant the expectation that appellant would keep its agreement and adjust the claim if not pressed. Appellee testifies that he relied on appellant's representations or he would have sued long before he did. Stipulations to sue if at all within a time limited by the policy and less than the statutory limitation, may be waived by the parties. Slight evidence of waiver will be sufficient. If the company misled appellee into believing that it meant to settle, it cannot complain if it is held estopped. May on Insurance, vol. 2, sec. 504. The alleged waiver in this case is in writing. There is no dispute as to the facts. Appellee tried to get a prompt decision, but appellant put him off. We think appellee might very well have supposed from the company's letters and conduct that appellant intended to pay and only desired time to satisfy itself of the propriety of appellee's claim; and that if it was not satisfied as to this it would not object to adjudication in court without regard to the limitation of the policy. Appellant must be held to have waived the limitation. Some of the cases which support the view we have taken are Home Ins. Co. v. Myer, 93 Ill. 271–276; Andes Ins. Co. v. Fish, 71 Ill. 620–625; Derrick v. The Lamar Ins. Co., 74 Ill. 404–408; F. & M. Ins. Co. v. Chesnut et al., 50 Ill. 111–117; Bish v. Hawkeye Ins. Co., 69 Iowa, 184–187.

The judgment of the Superior Court must be affirmed.

*Affirmed.*