## Andrew Lohr Bottling Company v. Thomas Ferguson.

1. ARCHITECT'S CERTIFICATE—*building contract with respect to, construed.* A particular clause of a building contract set forth in the opinion, held, not clearly to show that payment for the work done was only to be made ten days after the furnishing of an architect's certificate.

2. ARCHITECT'S CERTIFICATE—*when waived as condition precedent to payment.* The furnishing of an architect's certificate ten days prior to payment is waived where payment without presenting the certificate has been demanded and refused upon other specified grounds than that failing to supply the certificate.

Action of assumpsit. Appeal from the Circuit Court of Alexander County; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1905. Affirmed. Opinion filed September 8, 1905.

LANSDEN & LEEK and DAVID S. LANSDEN, for appellant.

REED GREEN and GILBERT & GILBERT, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was an action in assumpsit on a written contract for the erection of a factory building in the city of Cairo Illinois, entered into by appellant with appellee.

The first count of the declaration filed by appellee, declared on the contract and there were also a count upon a *quantum meruit* and a common *indebitatus* count. A plea for the general issue was filed by appellant and there was a stipulation signed by the attorneys for the respective

parties, providing that all objections to the declaration were waived and all competent and proper evidence to prove appellee's case might be introduced under the declaration, and also that appellant, under the plea of the general issue, might introduce any proper and competent evidence, the same as though special pleas had been filed.

The contract price to be paid appellee for the construction of the building was $19,385, which was to be paid in six installments, of different amounts.

In the special count of his declaration, appellee admits that the first four installments and one-half of the fifth had been paid. He seeks to recover the balance of the fifth, amounting to $2,000, and all of the last payment. He also charges for certain extras added and gives credit for certain things omitted and some material furnished by appellant and claims a balance to be due him of $5,120.41 and interest.

Appellant complains that the suit was prematurely brought because a certificate that the building was free from mechanics' liens and other claims, was not furnished ten days prior to its commencement, such certificate being in fact furnished only two days before; that the verdict was manifestly against the weight of the evidence, which appellant claims showed the building was not completed in substantial compliance with the contract; and that there was error in the giving of certain instructions for appellee and in the modification and refusal of others offered by appellant. The provision in the contract concerning the certificate of freedom from liens and claims, is as follows: " The balance of $3,877 to be paid within ten days after the building is completed and finished, according to the plans and specifications, in a good, true and workmanlike manner, and to the satisfaction of the said architects, and after a satisfactory certificate has been obtained to the effect that the estate or building upon or for which the work is done, is at present time, when payment is made, free from all mechanics' liens and other claims chargeable upon said building or estate incurred by the

party of the first part." While it is true that the contract provides that the payment is not to be made until ten days after the building is completed and finished, yet it is not clear from the reading of the contract, that the ten days' limit was also to apply to the furnishing of the certificate, but it might reasonably be inferred that the certificate of freedom from liens and claims could be furnished appellant at any time after the completion of the building and prior to demand for payment. The building appears to have been completed about April 28, 1902, while this suit was not commenced until April 30, 1903, so there is no question that a sufficient time had not elapsed between the completion of the building and the bringing of the suit, but the certificate of freedom from liens was not furnished by the architects until two days prior to the bringing of the suit. However, even if appellant's contention that by the terms of the contract the certificate was to be furnished ten days before the last installment was due be conceded, such condition was waived by appellant. On several occasions before suit was brought, Mr. Becker, president of the appellant company, refused to pay appellee the balance due on the contract, and based his refusal on appellee's alleged failure to construct the building in accordance with the contract and not on his failure to obtain such certificate and at the time the certificate was delivered to Mr. Becker two days before suit was brought, he announced that he would not pay the bill. Such facts were sufficient to constitute a waiver of the condition. Supreme Lodge v. Meister, 204 Ill. 527; Downey v. O'Donnell, 92 Ill. 559; Williamsburg City Fire Ins. Co. v. Cary. 83 Ill. 453.

Appellant contends that under appellee's declaration, he should not be permitted to show a waiver of the condition in regard to the certificate. The stipulation in regard to the pleadings above set forth, was, however, sufficiently broad to permit appellee to introduce evidence of and rely upon the waiver.

The claim of appellant that the building was not completed in substantial compliance with the contract, is based

upon alleged imperfections of material and construction
covering many parts of the building and including the
concrete floor, imperfect construction of mortar-joints in
front wall, failure to furnish pressed brick of proper size
and color and to lay the same properly, absence of reliev-
ing arches, imperfect iron work and failure to provide
certain joists, girders and other timbers of size provided for
by the contract.    The evidence upon these points was
voluminous and conflicting, but from a careful considera-
tion of the same we are of opinion the jury was warranted
in finding that the building was constructed substantially
according to contract, except so far as appellee was relieved
from performance of certain parts of the contract by the
use of different material or different mode of construction
with the knowledge and consent of appellant or under the
direction of the architect.    By the terms of the contract
appellee covenanted " to perform the whole of this agree-
ment in the best and most substantial and workmanlike
manner subject to the direction from time to time and to
the satisfaction of the said architects;" also that "should
any dispute arise respecting the true construction and
meaning of the drawings and specifications, the same shall
be decided by the architects, and their decision shall be
final and conclusive;" also that appellee was " to procure
certificate of payment from the architects."    The specifi-
cations declared that "in any and all cases of discrepancy
in figures, the matter shall be immediately submitted to
the architects for their decisions ;" and also provided for
submitting questions of changes in the plans, substitution
of new material and other matters to the architects for
their decision.    Messrs. Kelley and Kusener were the archi-
tects, and Mr. Kusener appears to have been directly in
charge of the work.    He furnished the certificates of pay-
ment for all the payments except the last one, and when
appellee applied for this one Kusener said he could not
furnish it, because he did not know the credits appellant
would give appellee for extra work.    All the certificates
were paid, except the fifth one, by Mr. Becker, the presi-

dent of appellant. The certificate for the fifth was presented Becker February 20, 1902, and in April following he paid appellee $2,000 and promised to pay him the balance shortly afterwards but failed to do so. Early in May, 1902, Kusener made a careful examination of the work and found the building practically completed, but that there were a few things of minor importance not yet finished, and a few places where the workmanship did not quite come up to the standard, but that they were of little or no consequence and did not affect the value of the building or impair its strength or durability. He made a report of this examination on May 17, 1902, and sent the same to Mr. Becker but got no reply. Later, on May 29, 1902, Kusener again notified appellant in writing that most, if not all, of the unfinished work mentioned in his report of May 17th, had been attended to and completed ; that Ferguson wished a settlement and that there was no reason for delaying the acceptance of the building and suggested that a day be appointed for settlement. No reply was made to the letter, and no meeting for settlement had. Afterwards on April 2, 1903, Kusener made the following certificate of the completion of the work, which was served on Mr. Becker two days prior to the day the suit was brought, to-wit :

" CAIRO, ILL., April 2nd, 1903.
To THE ANDREW LOHR BOTTLING COMPANY AND ALL OTHERS WHOM THIS MAY CONCERN :

This is to certify that Thomas Ferguson has completed and finished according to plans and specifications and changes made by agreement between the Andrew Lohr Bottling Company and the said Thomas Ferguson in a good, true and workmanlike manner and to the satisfaction of us, the architects, the building which the said Thomas Ferguson agreed to erect under agreement of date of October 1st, 1901, between the said Ferguson and the Andrew Lohr Bottling Company for the said Andrew Lohr Bottling Company, and that the said building is free from all mechanics' liens and other claims chargeable upon the building or estate of the Andrew Lohr Bottling Company incurred by the said Thomas Ferguson.

KELLY & KUSENER,
Architects."

We are of opinion that under the terms of the contract the architects' decision was final as to the fulfillment of the same and that as they accepted the building as substantially complying with the contract appellant was bound thereby; that the acceptance by the architects, must be taken as the acceptance of the appellant.

The court gave twenty-eight instructions for appellee and twenty-seven for appellant, as offered by them. Seven additional instructions were also given for appellant with slight modifications. These instructions covered and recovered every phase of the case and while there are some minor imperfections in them, they, upon the whole, stated with substantial correctness, the law governing the same.

The judgment of the court below will be affirmed.

*Affirmed.*