500     APPELLATE COURTS OF ILLINOIS.

Han.-Elcock Co. v. Frank. M. A. & P. G. Ins. Co., 177 Ill. App. 500.

## Hansell-Elcock Company, Appellant, v. Frankfort Marine Accident & Plate Glass Insurance Company, Appellee.

### Gen. No. 16,977.

1. INSURANCE—*limitation clause in policy.* Where an insurance policy provides that suit shall not be commenced after the lapse of a certain period of time, and the insurance company before the expiration of such time refuses to allow the claim on the ground that it is not liable in any event on the merits, the defense under the stipulation not being then available, such stipulation is not thereby waived as against a suit brought after the expiration of the time limitation.

2. INSURANCE—*limitation clause in policy.* Where an insurance policy provides that suit shall not be brought before the expiration of a certain period, and the insurance company during such period places its refusal to settle a claim on other grounds than such stipulation, under which there is no present liability, its right afterwards to interpose such stipulation as a defense is waived.

3. INSURANCE—*limitation clause.* While limitation clauses in insurance policies are not favored by courts, and slight circumstances will often be held sufficient to constitute a waiver of such stipulations, the mere listening by an agent of the insurance company to a proposition for settlement, and promising to advise the insured of the company's decision, is not a waiver of a provision that suit must be brought within a specified time.

4. INSURANCE—*limitation clause.* Where an insurance policy provides that suit must be brought within a certain time, if the company misleads the policy holder into believing that it means to settle, or by fraudulent holding out of reasonable hopes of adjustment induces the insured to refrain from bringing suit until too late, the company is estopped from pleading the limitation.

5. CONTRACTS—*condition precedent.* A party to a contract, having a right to insist upon a condition precedent to the payment of money or other performance on his part, will waive the condition precedent by a total denial of liability or by placing his refusal to perform on other grounds.

6. INSURANCE—*cancellation.* The Supreme Court of Illinois is unalterably committed to the rule that before an insurance policy can be cancelled upon notice, unless otherwise expressly provided by its terms, it is incumbent on the company to pay or tender to the policy holder the unearned premium.

Chicago—First District—February, 1913.   501

Han.-Elcock Co. v. Frank. M. A. & P. G. Ins. Co., 177 Ill. App. 500.

7. Insurance—*cancellation.* Where an insurance policy provides that if it is cancelled by the company "the company shall retain a pro rata premium for the time the policy has been in force," the return to the policy holder of the unearned premium is necessary in order to cancel the policy.

8. Contracts—*construction.* Where a contract is framed by one party, in stipulations made for its own benefit the construction most favorable to the other party should be adopted.

9. Pleading—*inconsistent defenses permissible.* A defendant may avail himself of as many defenses as the facts warrant even if such defenses are inconsistent, and neither waives the others.

Appeal from the Superior Court of Cook county; the Hon. Homer Abbott, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed February 19, 1913.

Addison L. Gardner and William R. Moss, for appellant, Hansell-Elcock Company.

Holt, Wheeler & Sidley, for appellee.

Mr. Justice Graves delivered the opinion of the court.

Appellee issued to appellant an insurance policy, insuring it against loss arising from bodily injury or death suffered by persons not employed by appellant. Appellant was engaged in constructing certain iron work about a building then being erected. Alec Jacobson was a carpenter working about the same building, but was not in the employ of appellant. He was killed by being struck on the head by an iron rod negligently dropped by an employee of appellant. Suit was brought by the representatives of Jacobson against appellant and resulted in a judgment by agreement against it for $2,500, which was duly paid. This suit was then begun by appellant against the insurance company, appellee here, on the policy of insurance. Appellee pleaded, first, the general issue; second, that the policy was canceled before the injury to Jacobson; third and fourth, that the judgment made the basis of this suit was entered by the consent of

502　　Appellate Courts of Illinois.

Han.-Elcock Co. v. Frank. M. A. & P. G. Ins. Co., 177 Ill. App. 500.

appellant and without the consent of appellee; fifth, that appellant carried other insurance; and, sixth, that this suit was not brought within the time limited by the terms of the policy. By leave of court appellant replied double to the sixth plea: First, that when appellee was notified of the injury to Jacobson, it denied all liability on the policy, on the claim that the policy had been canceled before the injury, and had thereby waived the benefit of the provisions of the policy limiting the time in which actions might be brought thereon; and, second, that the attorney for appellee had agreed with appellant to submit to the Eastern Adjuster of appellee the claim of appellant for indemnity for consideration and to report what settlement would be made; that a like promise was repeated at various times thereafter; that appellant relied on the good faith of appellee, and was by the foregoing facts led to believe that settlement of the claim would be made without suit, and allowed the limitation in the contract to expire, by reason whereof appellee waived the limitation clause of the policy. A demurrer was interposed to the two replications to the sixth plea and was sustained as to the first and overruled as to the second of such replications. A trial on the issues joined culminated in a directed verdict in favor of appellee.

The action of the court in sustaining the demurrer to the first replication to the sixth plea raises the question whether denying the existence and binding force of the policy, and denying any liability under the policy, is a waiver of the right of appellee to insist upon the limitation clause contained therein. The clause is as follows:

"Section 14. That no action shall be brought by the assured against the company upon this policy in any court after the expiration of the period from the date of the accident within which an action for injuries or damages may be brought against the assured, unless a suit be pending against the assured

at the expiration of that time, in which event, an action for indemnity under this policy may be brought against the company within sixty days after the final determination of such action, and not afterwards.''

It was a valid and enforceable clause. Stephens v. Phoenix Assur. Co., 85 Ill. App. 671; Ronan v. Michigan Mut. Life Ins. Co., 96 Ill. App. 355. That it was inserted in the policy by appellee and for its benefit there can be no doubt. Neither can there be any doubt that appellee had the right to waive it at any time when it was available to it as a defense. Neither is there any doubt that basing a denial of liability solely on other grounds when the defense of limitation by contract was available would have been a waiver of that defense. The rule is well stated in Lohr Bottling Co. v. Ferguson, 223 Ill. 88, as follows:

''A party (to a contract) having a right to insist upon a condition precedent to the payment of money or other performance on his part will waive the condition precedent by a total denial of liability or by placing his refusal to perform on other grounds.''

This rule has been applied to all sorts of contracts including contracts of insurance. Among the insurance cases in this state, in which it has been recognized, are the following. Williamsburg City Fire Ins. Co. v. Cary, 83 Ill. 453; American Home Circle v. Eggers, 137 Ill. App. 595; Lohr Bottling Co. v. Ferguson, 122 Ill. App. 270; Potomac Ins. Co. v. Atwood, 118 Ill. App. 349. In each of the foregoing cases the limitation held to be waived was that suit should not be brought before a fixed number of days. It will be noted that in each of these cases, at the time when the company denied liability on the policy, the time before which, by the stipulation, suit could not be begun, had not elapsed, so that the company could then have relied on the stipulation and denied *present* liability, and insisted on the full time stipulated in which to settle the claim without suit. In other words,

the stipulation was at the time of denying liability an existing present and then available defense and the courts hold in these cases, in substance, that, as such defense was then available and as the companies elected to place their refusal on other grounds, when they could have relied on the stipulation, they must be held to have waived their right to afterwards interpose the stipulation as a defense. There is another line of cases of which the case of Ronan v. Michigan Mut. Life Ins. Co., 96 Ill. App. 355, is a sample, where the stipulation was that suit should not be commenced after the lapse of a certain period of time, and where before the expiration of that time the company refused to allow the claim and placed the refusal on the lack of liability on the policy in any event, in which the courts hold that, as against a suit brought after the limitation by contract has expired, such limitation is a valid defense, notwithstanding the company had before denied liability on the merits. The reason for such holding is manifest. In these cases the stipulation was not a defense available to the companies when liability was denied on other grounds, because the time during which those claiming under the policies might sue thereon had not elapsed, and if suit should be brought within the time limit contained in the stipulation, it would never be an available defense. The two lines of cases are not in conflict, as counsel seem to suppose, but are in harmony. From all the authorities we deduce the rule that where, and only where, a limitation by contract is an existing and available defense, at the time the company denies liability on other grounds and ignores such limitation, it is waived and cannot afterwards be relied upon as a defense.

The position taken by counsel that, because appellee here has interposed by plea the defense that the policy in question was canceled before the injury made the basis of the suit occurred, it cannot avail itself

of the limitation clause, also is not tenable. No proposition is more thoroughly settled in this state than that under our system of pleading a defendant may avail himself of as many defenses as the. facts warrant, even if such defenses are inconsistent. The plea relying on the cancellation of the policy and the plea relying on the limitation by contract, as well as all the other pleas, were filed simultaneously and neither waives the other as a defense.

The replication, to which the demurrer was sustained, was clearly insufficient. It fails. to show that, when appellee denied liability on the policy on the ground that the same had been cancelled before the injury to Jacobson, the limitation by contract had expired; in fact, it expressly shows the contrary to be true. The demurrer to this replication was properly sustained.

It is claimed by appellee that the policy was canceled; that Ayres & Petrie, who negotiated the policy and received from appellant the premium and by whom the policy was delivered to appellant, were mere insurance brokers and in this transaction were the agents of appellant and not of appellee, and that, as the premium paid for the policy, although paid to Ayres & Petrie by appellant, was not in fact actually turned over by Ayres & Petrie to appellee, it was not necessary for appellee to return to appellant the unearned part of the premium at the time cancellation of the policy was ordered.

In the view we take of this case, it will not be necessary to discuss in detail the evidence on the question of whether Ayres & Petrie were the agents of appellee or appellant, or were mere brokers. Suffice it to say, to our minds it clearly establishes the fact that they were the agents of appellee, not only in negotiating and delivering the policy, but in receiving the premium, and that the payment of the premium to them was a payment to appellee.

On the question of the right of appellee to cancel the policy without a return of the unearned part of the premium, there are two lines of authorities hopelessly in conflict. By one line of these authorities it is held that, when the policy provides for cancellation upon notice, the giving of such notice is sufficient without being accompanied by the return or tender of the unearned premium. Among this class of cases are the following: Newark Fire Ins. Co. v. Sammons, 11 Ill. App. 230; Colonial Assur. Co. v. National Fire Ins. Co., 110 Ill. App. 471; Davidson v. German Ins. Co., 74 N. J. Law 487; Schwarzchild & Sulsberger Co. v. Phoenix Ins. Co., 115 Fed. 653; Crescent Ins. Co. v. Griffin & Schook, 59 Tex. 509, and others.

The other line holds that, unless otherwise expressly provided by the terms of the policy, before a policy can be canceled upon notice, it is incumbent on the insurance company to pay or tender to the policy holder the unearned premium. To this latter holding our Supreme Court is unalterably committed. Peoria Marine & Fire Ins. Co. v. Botto, 47 Ill. 516; Aetna Ins. Co. v. Maguire, 51 Ill. 342; Dickerson v. North Western Mut. Life Ins. Co., 200 Ill. 270. The Appellate Court of this state has also, in numerous cases, followed this rule. Hartford Fire Ins. Co. v. McKenzie, 70 Ill. App. 615; Peterson v. Hartford Fire Ins. Co., 87 Ill. App. 567; Dickerson v. North Western Mut. Life Ins. Co., 102 Ill. App. 280; Hartford Fire Ins. Co. v. Tewes, 132 Ill. App. 321; Williamson v. Warfield, Pratt, Howell Co., 136 Ill. App. 168.

The clause in the policy before us, under which it is claimed the policy was canceled, is as follows:

"Section 5. That this policy may be canceled by the company at any time. It may also be canceled by the assured, provided the premium has been paid. If canceled by the company, it shall retain a *pro rata* premium for the time the policy has been in force; if

canceled by the assured, the company shall, after deducting 25 per centum of the whole of the premium for expenses, retain a premium computed according to the customary short rates, based upon the amount of pay roll expended up to the date of cancellation.''

This stipulation was framed by appellee and, so far as it provides for the cancellation of the policy by the company, it was for the benefit of the company. The construction most favorable to appellant should be adopted. The language used, ''If canceled by the company, it shall retain a *pro rata* premuim for the time the policy has been in force,'' plainly implies that the balance of the premium above the *pro rata* to be retained shall be paid to the policy holder, or in other words, that, when the policy is canceled by the company, it shall retain no more than a *pro rata* premium for the time the policy has been in force, and necessarily, if only a part is to be retained, the balance must not be retained, or again, in other words, the balance must be turned over to the insured, he being the person entitled to it. We think the plain meaning of this stipulation is that the cancellation of the policy and the return of the unearned premium are to be concurrent, simultaneous acts. The evidence in this case shows beyond all controversy that, when appellee notified appellant that it had canceled the policy, it did not return or tender the unearned premium to appellant. In failing to do so, it did not bring itself within the terms of the cancellation clause above quoted, and in failing to do so failed to cancel the policy, but left the same in full force.

This suit was not begun until after the time limited in the 14th stipulation of the policy above quoted, in which it was to be begun, had expired. The defense of limitation by contract was duly interposed by proper plea and must prevail, unless the same was waived by acts of appellee or its authorized agents,

508     APPELLATE COURTS OF ILLINOIS.

Han.-Elcock Co. v. Frank. M. A. & P. G. Ins. Co., 177 Ill. App. 500.

shown by the evidence in the record. Giving to this evidence all the force that can be justly claimed for it by appellant, it may be held to establish the fact that the law firm of Lackner, Butz & Miller were the authorized agents of appellee, and that they submitted to appellee at the request of the attorney of appellant a proposition for settlement of the claim here sued on, and informed the attorney for appellant that they would let him know what the company said about it, and that they did not let him know what the company said about it until after action was barred by the terms of the limitation clause of the policy. There is not a word of testimony that appellee or its attorneys or agents ever suggested a settlement or held out any hope that a settlement could be effected, or requested appellant to withold the bringing of a suit until an answer to appellant's proposition for settlement could be obtained. On the contrary, the proof does disclose that, when the attorney for appellant made his proposition for settlement to Mr. Miller of Lackner, Butz & Miller, he, Miller, said the position of the company was that the policy had been canceled and was not in force at the time Jacobson was injured. While it is true that limitation clauses in policies of insurance are not favored by the courts, and slight circumstances will often be held sufficient to constitute a waiver of such stipulations, it has never, so far as we are aware, been held that an agent of an insurance company, by merely listening to a proposition for a settlement and submitting it to the company and promising to advise the insured what reply he should receive from the company, would even tend to show a waiver. Several cases are cited by appellant and relied on as authorities justifying their claim of waiver. In Andes Ins. Co. v. Fish, 71 Ill. 620, it was uncontradicted that the insured forebore bringing suit within the limitation in the policy at the instance of the agents of the insurance company. In

North American Acc. Ins. Co. v. Williamson, 118 Ill. App. 670, the court said:

"If the company misled appellee into believing that it meant to settle, it cannot complain if it is held estopped."

In the cases of Peoria Marine & Fire Ins. Co. v. Whitehill, 25 Ill. 466, and Farmers' & Merchants' Ins. Co. v. Chestnut, 50 Ill. 111, it was held that such a provision in a policy would be waived, if the company by fraud or by holding out reasonable hopes of adjustment induced the insured to refrain from bringing suit until too late. In Turner v. Fidelity & Casualty Co. of New York, 112 Mich. 425, the delay in bringing suit was at the request of the company to enable the adjuster of the company to confer with the attorneys of the insured. None of these cases or any other cases to which we are referred are authority for holding that the facts in this case constitute a waiver.

As there was no evidence in this case fairly tending to show that the delay in bringing this suit was caused by any act, promise or inducement of appellee or its agents, the peremptory instruction was properly given.

The judgment of the Superior Court is, therefore, affirmed.

*Judgment affirmed.*