# THE SUPREME COUNCIL OF CATHOLIC KNIGHTS OF AMERICA

## *v.*

## ROSALIA FRANKE.

### *Filed at Mt. Vernon March 31, 1891.*

1. LIFE INSURANCE—*mutual benefit association—changing the beneficiary—vested rights.* In an ordinary insurance policy, when a person insures his life for the benefit of another, and the policy does not provide for a change of the beneficiary, it may be that no valid change can be made without the consent of the beneficiary; but that doctrine has no application to a certificate issued by a mutual benefit society, when the contract, in express terms, authorizes a change of the beneficiary upon the application of the insured.

2. A mutual benefit association has the power to amend its constitution, at any time, in respect to a change of beneficiaries in certificates of membership, and such amendment may embrace certificates issued before such change, where no vested rights have been acquired by beneficiaries, as, when the original contract is between the assured and the insurer, and the former retains control of his certificate and has made all the payments of assessments.

3. Whether a beneficiary in a certificate of membership in a mutual benefit association acquires a vested interest in the sum of money to be paid on the member's death, must be determined by the terms and conditions of the contract entered into between the association and the insured, as shown by the certificate and the constitution of the association.

4. Where the contract of insurance of the life of a party is made and entered into between the assured and the association of which he is a member, and the certificate issued to him expressly provides that it is a contract between the association and the assured alone, and not a contract with the beneficiary therein named, it follows that the two contracting parties may make such change therein after the execution of the contract as they may agree upon, and the contract may be canceled and a new one issued, payable to a different beneficiary.

5. Where a certificate of membership in a mutual benefit association expressly provides that the assured shall have the right, during his membership, to substitute beneficiaries, by complying with the laws of the order, the laws of the order will be held those in force at the time the change in the beneficiary is asked. ·

6. INTEREST—*on a benefit certificate.* The beneficiary of a certificate of membership in the nature of a policy of life insurance is entitled to six per cent interest on the sum agreed to be paid, from the date of notice of the death of the assured.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. MARSHALL W. WEIR, for the appellant:

The wife and children of Franke, at the time the first certificate was issued, acquired a vested interest therein, of which they could not be divested without their consent.   An irrevocable trust was created.   Bliss on Life Insurance, (2d ed.) 517; May on Insurance, secs. 390, 391; *Life Ins. Co.* v. *Palmer*, 42 Conn. 60; *Chapin* v. *Fellows*, 36 id. 132; *Gould* v. *Emerson*, 99 Mass. 154.

In *Johnson* v. *Van Epps*, 110 Ill. 551, this court does not pass upon this question.

Messrs. TURNER & HOLDER, for the appellee:

The beneficiary is entitled to six per cent interest on the sum agreed to be paid, from the date of notice of the death of the assured.   *United Workmen* v. *Zuhlke*, 129 Ill. 298.

A beneficiary has no vested right in the certificate. *Society* v. *McVey*, 92 Pa. St. 510; *Johnson* v. *Van Epps*, 110 Ill. 551; *Clarke* v. *Durand*, 12 Wis. 248; *Kennan* v. *Howard*, 23 id. 108; *Foster* v. *Gile*, 50 id. 603; *Gambs* v. *Life Ins. Co.* 50 Mo. 44.

The insured had the right to change his policy.   *Swift* v. *Benefit Association*, 96 Ill. 314.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by Rosalia Franke, against the Supreme Council Catholic Knights of America, a corporation organized under the laws of this State for the purpose of providing benefits for the widows, orphans, heirs and devisees of deceased members.   The declaration contained one special count on a benefit certificate upon the life of Joseph Franke, a member of Branch No. 125, located at Belleville, Illinois,

in which the defendant corporation agreed to pay to the wife of Joseph Franke, (Rosalia Franke,) the beneficiary designated by the assured, upon due proof of death, the sum of $2000. The declaration also contained the common counts.    There is no controversy between the parties in reference to the facts. The only serious question in dispute is, whether Rosalia Franke, widow of Joseph Franke, deceased, is the proper person to recover the fund due from the defendant on the certificate.

The facts in the case may be briefly stated thus : In 1882 Joseph Franke applied for membership in the order.    In his application on which the benefit certificate was based, he designated his "estate" as his beneficiary, and in answer to question No. 24, he stated the relationship of beneficiary to him to be "wife and children."    Thereupon the certificate was made payable to "family and estate."    The certificate provided that he should have the right, during his membership, to substitute other beneficiaries, should he desire so to do, "by complying with the laws of the order."    Section 7, article 9, of the constitution, then provided : "A member may, at any time when in good standing, with the consent of his beneficiary endorsed thereon, surrender his benefit certificate, which, with directions to whom a new certificate shall be made payable, and a fee of fifty cents, shall be forwarded by the secretary of his Branch, under seal, to the Supreme Secretary, who shall thereupon cancel the old certificate and cause a new certificate to be issued to such member, payable as he shall have directed."

In 1885 the above section of the constitution was amended to read as follows : "A member may, at any time when in good standing, surrender his benefit certificate, which, with directions to whom a new certificate shall be made payable, and a fee of fifty cents, shall be forwarded by the secretary of his Branch, under seal, to the Supreme Secretary, who shall thereupon cancel the old certificate and cause a new certificate to be issued to such member, payable as he shall have directed : *Provided, however,* that the proposition of the mem-

ber applying for such change shall first be submitted at a regular meeting of his Branch, and receive the approval of a two-thirds vote thereof."

In 1887 Franke applied to have a change made in his beneficiaries. He surrendered his certificate and had another issued in lieu thereof, payable to his wife, Rosalia. This was done without the consent, in writing, of the beneficiaries named in the first certificate. In 1888 Franke died, and his wife, after making proof of death, brought this suit, on the second certificate, to recover the amount named therein.

In granting the last certificate the section of the constitution as amended was fully complied with, both by Franke and the defendant corporation, but it is insisted by the defendant that a change of the beneficiary named in the certificate could only legally be made by a compliance with the constitution of the order in force when the original certificate was issued. The order had the power to amend its constitution, at any time it might think proper, in regard to a change of beneficiary in the certificate, or in any other respect consistent with the purpose for which it was organized, and the amendment made in 1885, by its terms, is broad enough to embrace a certificate issued before as well as after the amendment, and unless the beneficiaries named in the original certificate acquired some vested interest therein which could not be abrogated by the insured or the order, it seems plain that the change in the certificate was legally made.

Whether the beneficiaries named in the first certificate acquired any vested interest in the fund to be paid upon the death of the insured, must be determined by the terms and conditions of the contract of insurance entered into between the order and the insured. There were but two parties to the contract. Joseph Franke was one, and the Supreme Council Catholic Knights of America was the other,—or, at least, the contract of insurance was made by and between these parties, and by them, alone. That there might be no misapprehension

in reference to who the contracting parties were, the certificate which contained the contract of insurance contained the following provision : "And it is expressly understood that this is a contract between the Supreme Council Catholic Knights of America and assured, alone, and not a contract between said council and the beneficiaries herein named." If the contract of insurance was one between the assured and the order, alone, as is declared, it would seem to follow that the two contracting parties might make such change therein, after the contract was executed, as they might agree upon. No consideration passed from the beneficiary to the order when the certificate was issued, nor did the certificate ever pass out of the possession and control of the assured, and we perceive no ground upon which it can be held that the beneficiary acquired any valid interest in the certificate. The certificate provided, in express terms, that the assured should have the right, during his membership, to substitute other beneficiaries, should he desire to do so, by complying with the laws of the order. What laws of the order were intended by this provision ? We think there is but one answer that can be given to the question, and that is, the laws of the order in force at the time the assured desire to make a change in the beneficiary. The clause of the constitution requiring consent of a beneficiary if the assured desired to make a change, was no doubt adopted for the benefit of the order, and not for the protection of the beneficiary, and the order had a right to change the rule at any time it thought proper for the best interests of the organization. Here the certificate, which was the contract between the parties, authorized the assured to change his beneficiaries, and the laws of the order also provided that a change might be made, and we think it is plain that the assured, so long as he had the possession and control of the certificate, had the right to change his beneficiaries.

*Splawn* v. *Chew*, 60 Texas, 534, and *Byrne* v. *Casey*, 70 id. 247, are cases in point. In the last case cited, the identical

question presented by this record arose, and it was expressly held that the beneficiaries acquired no vested interest in the fund named in the certificate, and the assured had the right to change the beneficiary. See, also, *Bagley* v. *Grand Lodge of A. O. U. W.* 131 Ill. 498. *Isgrigg* v. *Schooley,* 125 Ind. 94, is also a case in point.

In an ordinary insurance policy, where one person insures his life for the benefit of another, and the policy contains no provision for a change of the beneficiary, it may be that no valid change could be made without the consent of the beneficiary; but that doctrine has no application to a certificate issued by a mutual benefit association, where, as here, the contract in express terms' authorizes a change of the beneficiary, upon the application of the assured.

It is also claimed that the court erred in allowing interest on the $2000 named in the certificate. This point is settled by *Supreme Lodge A. O. U. W.* v. *Zuhlke,* 129 Ill. 298, where we held that interest might be recovered. See, also, *Heissler* v. *Stose,* 131 Ill. 393.

We think the judgment of the Appellate Court was correct, and it will be affirmed.

*Judgment affirmed.*