THE FIREMEN'S INSURANCE COMPANY

*v.*

LILLIE HORTON.

*Opinion filed December 22, 1897.*

1. PRINCIPAL AND AGENT—*whether party soliciting insurance was the agent of the company is a question of fact.* In a suit to recover on a fire policy, the question whether the party who solicited the insurance and procured the policy was the agent of the insurance company is a question of fact for the jury, which is conclusively settled by the Appellate Court's judgment of affirmance.

2. INSURANCE—*when notice to agent will be imputed to company and operate as a waiver.* A provision in a fire policy that the existence of an incumbrance upon the property would invalidate the policy unless the fact was made known to the company and expressed in the policy, is waived where the agent was notified of the incumbrance when soliciting the insurance, but failed to disclose the fact to the company or have it expressed in the policy.

*Firemen's Ins. Co.* v. *Horton,* 68 Ill. App. 497, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This was an action instituted in the circuit court of Cook county by Lillie Horton, to recover from the Firemen's Insurance Company for a loss sustained by her in

the destruction by fire of certain household goods on November 25, 1893. The declaration contained two counts, to which the general issue was filed, together with notice by the defendant of thirty-eight special matters which it would offer in defense.

Appellee held a policy issued by the Firemen's Insurance Company upon her property, which was solicited from her by one Charles S. Smith. At the time the policy was issued there was a chattel mortgage upon a portion of the household goods for $81.60, but a part having been paid thereon, the amount due at the time of the fire was about $50, which still stood unreleased of record. That portion of the property which was encumbered by the mortgage had cost about $250. The policy of insurance held by the plaintiff provided: "If the interest of the assured in the property be otherwise than an absolute fee simple title, or if any other person or persons have any interest whatever in the property described, whether it be real estate or personal property, or if the building insured or containing the property insured by this policy stands on leased ground, or if there be a mortgage or other encumbrance thereon, whether inquired about or not, it must be so represented to the company and so expressed in the written part of this policy, otherwise the policy shall be void." The fact of the existence of this mortgage was made known to Smith, who solicited the insurance, but no mention was made by him of it in the application or policy. It was a controverted question of fact whether Smith was the agent of the appellant.

Upon a trial in the circuit court of Cook county the jury returned a verdict against appellant for the sum of $1522.95, upon which judgment was rendered, and on appeal to the Appellate Court this judgment was affirmed. From this judgment of affirmance this appeal is prosecuted.

U. P. SMITH, and WILLIAM J. AMMEN, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

The particular ground of defense relied upon by appellant in this case as reason why appellee is not entitled to recover under her policy for the loss of the property destroyed by fire is, that at the time the application for insurance was made and the policy issued there was a chattel mortgage on a portion of the furniture, no mention of which was made in the application, nor was such fact disclosed in any manner, unless it was to Smith, the party who solicited the insurance and delivered to her the policy.

Under one of the conditions of the policy it is provided that if there be a mortgage or other incumbrance on the property, whether inquired about or not, it must be so represented to the company and so expressed in the written part of the policy, otherwise the policy should be void. Smith, who solicited the insurance from appellee in this case, was informed, at the time the application was made, there was a mortgage on a small portion of the furniture. It is contended, however, Smith was not the agent of the appellant, and therefore notice to him was not binding upon the company. The question as to whether or not Smith was the agent of the appellant company was one of fact, and was an issue before the jury in the trial court. He solicited the insurance from appellee, took her application in the appellant company, and in a few days returned to her the policy in question, for which she paid a premium of $25. She saw no one in connection with the transaction or the delivery of the policy to her except Smith. In an affidavit presented by appellant on the trial of this case it was stated "it expected to prove by Charles E. Smith, acting as agent of said company in obtaining the policy of insurance sued on in this case," that appellee made certain statements,

etc.   There being evidence tending to establish the fact that Smith represented the appellant company, and no motion having been made at the close of plaintiff's testimony to instruct the jury to find for the defendant, it was proper for the court to submit to the jury, as one of the issues of fact in the case, whether Smith was an agent of the appellant company.   This fact having been settled by the verdict of the jury and the judgments of the trial and Appellate Courts, it follows we must consider the case on that basis.

Where the insured in a fire insurance company makes statements to the agent of the company who solicits the insurance, of facts which might, under the terms and conditions of the policy, avoid it if omitted, and the agent does not state such facts, the insured will be as fully protected as though such facts or conditions had been noted in the application or the policy.   In other words, notice to an agent of an insurance company of facts which might otherwise avoid the policy will be considered as notice to the company and as having been waived by the company.   (*Home Ins. Co. of New York* v. *Mendenhall*, 164 Ill. 458, and cases cited.)   It follows, therefore, that the question of fact having been established Smith was the agent or was acting for the appellant company, and he having been notified of the fact that the chattel mortgage was in existence on a portion of the property insured, appellant could not take advantage of the clause in the policy before referred to, and avoid payment on that account.

There was no error in the admission or exclusion of evidence or in the instructions given by the trial court to the jury.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*