## Louisa B. Stephens v. Phœnix Assurance Co.

1. INSURANCE—*Premises Becoming Vacant.*—Where a policy provides that if the building insured becomes vacant and unoccupied, and so remains for a period of ten days, the policy shall become void, the company is not necessarily rendered liable for a loss occurring while the vacancy continued to exist, because, knowing the fact, it had not meanwhile forfeited the policy.

2. SAME—*Limitation by Agreement in the Policy.*—A provision that no suit on the policy for the recovery of any claim shall be sustainable unless commenced within twelve months next after the fire, is a valid and binding agreement between the parties.

**Assumpsit,** on a policy of fire insurance.    Trial in the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding.    Verdict and judgment for defendant; appeal by plaintiffs.    Heard in the Branch Appellate Court at the October term, 1899.    Affirmed.    Opinion filed December 5, 1899.

This is a suit by appellant to recover under two policies of insurance issued by appellee.

Appellant had caused two houses to be erected, which were completed under charge of an agent while she was abroad.    Prior to her departure, the policies in question were issued through said agent, who was also agent of appellee.    It is said that these policies were delivered directly to appellant when issued, but upon her departure were sent by her to her agent in charge of the buildings, and they remained in his possession during her absence and after her return until the buildings insured were destroyed by fire.    The policies were then, on the day of the fire, returned to appellant by the brother of her said agent, who told her

the houses had been burned, and apparently also informed her that no vacancy permit had been given. She had returned from Europe in September, and the fire occurred October 18, 1894.

It appears that the houses had been completed in May or about that time, and remained vacant and unoccupied until the fire. Each of the policies contained the following provision:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant and unoccupied, and so remain for ten days."

The day following the fire appellant wrote to the said agent a letter in which she expressed her mortification at her "own carelessness, because I have not attended to that property myself," and expressed her surprise, that he—said agent—"an insurance man, should allow those houses to stand vacant all this time, without a vacancy permit on them." She says, "I know well there is no use to try to get any insurance on them, as you see by lines 25 to 30 of the specifications," referring to the provision of the policies above quoted relating to vacancy. The letter then continues as follows:

"As you are the agent for this insurance company, if there could be anything reclaimed on this you surely could do it. I have no hope. Yet if there could be anything done, do let me know at once what I could do."

In response to this letter the agent called upon appellant the same evening. She says that he told her she could not get the insurance, that it had failed over and over in the courts, but that if she would give him the policies he would get her a rebate from the company of the premium. Appellant finally agreed to this, and thereupon the agent wrote a release and surrender upon the back of each policy, which appellant signed. This was to the effect that in consideration of $30.60, appellant releases and waives all her right, title and interest in said policies, respectively, and surrenders and delivers "same to the Phoenix Assurance Com-

pany of London, by Ernest N. Smith & Co., their agents."
Beneath this upon each policy is an authorization to said
"Ernest N. Smith & Co., as my agents" to receive from
appellee said $30.60 "as payment in full for my interest
in the within policy," which is also signed by appellee.

There also appears on each policy a statement, in writing,
that in consideration of said $30.60 return premium "this
policy is hereby canceled and surrendered to the company,"
which is signed "Louisa B. Stephens, assured, by Ernest H.
Smith & Co., her agents."

Appellant testified that Smith brought her the money the
next day, which she accepted.

December 17th following, almost two months after the
surrender of the policies as above stated, proofs of loss were
delivered to the appellee, and at the same time the $61.20
which appellant had received from Smith was tendered
back to the company, and the policies demanded, which
demand was refused.   Nothing more appears to have been
done until the present suit was begun August 27, 1896,
more than a year and ten months after the fire.

The policies in controversy contain the following pro-
vision:

"No suit or action on this policy for the recovery of any
claim shall be sustainable in any court of law or equity
until after full compliance by the insured with all the fore-
going requirements, or unless commenced within twelve
months next after the fire."

At the trial the court instructed the jury at the close of
the plaintiff's case to find for the defendant, which was
done.

ROBERT RAE, attorney for appellant.

BATES & HARDING, attorneys for appellee.

MR. JUSTICE FREEMAN, after making the foregoing state-
ment, delivered the opinion of the court.

Counsel for appellant state in their brief that appellant
did not, in her declaration, count upon the policies, which

had before been surrendered to and were in the possession of appellee, but upon the insurance generally. The declaration alleged that the policies were " not surrendered by said plaintiff or canceled, but that the possession thereof was obtained by said defendant by the fraudulent representations made by said defendant and its agents and servants, and therefore plaintiff is unable to produce said policies." It is charged that appellee's agent, who was also agent for appellant, in the construction and care of her buildings which were burned, " fraudulently and deceitfully represented to said plaintiff that she, the said plaintiff, had no claim against said defendant by reason of said loss by fire."

It is claimed that this being an action for fraud, the cause of action is thereby taken out of the provision in the policies limiting the time within which the action can be brought.

The fraud which it is said was perpetrated by the appellee's agent is, that " he did not disclose the fact that if the agent retained the premium and continued the policy with a knowledge of non-occupancy the condition was waived."

The language of the policies in this respect is that they shall be void, if the buildings " be or become vacant and unoccupied and so remain for ten days."

The meaning of this clearly is that the company insures the property with the agreement and upon the condition that, being vacant at the time, or becoming vacant at any future time while the policy continues in force, such vacancy shall not continue longer than ten days ; and if it does so continue longer than ten days, the policy shall then become void. We can not find in this any waiver of the condition with or without knowledge, but rather an express declaration that it is one of the conditions upon which the policy is issued. Newmarket Savings Bank v. Royal Ins. Co., 150 Mass. 374.

It is true that such a policy may not necessarily become absolutely void by reason of the premises becoming vacant or unoccupied, and so remaining beyond the stipulated

period.   Germania Fire Ins. Co. v. Klewer, 129 Ill. 599–607. Nor is the company bound in case it learns of such vacancy, to declare the policy forfeited.   It may waive the forfeiture.   But such waiver of the right of forfeiture is not a waiver of the condition during the time the breach continues.   Firemen's Ins. Co. v. Horton, 170 Ill. 258–261; Coursin v. Penn. Ins. Co., 46 Pa. State, 323–330.   If the loss occurs while the vacancy continues to exist, the company is not necessarily rendered liable because, knowing the fact, it has not meantime forfeited the policy.   But if it does not exercise its right in this respect, and the premises are again occupied, and are not vacant or unoccupied when the loss occurs, the liability on the policy would again attach.   Ins. Co. of North America v. Garland, 108 Ill. 220–226, and cases there cited.   It is held in that case that the consent of the company to the transfer of the policy, with notice of the fact that it is then unoccupied, is not of itself in law a waiver of the condition.

Nor is the retention of the unearned premium with knowledge of the condition violated by reason of the premises being vacant and unoccupied, to be regarded as a waiver of the condition, while the breach continues.   The breach of condition may cease at any time, and the premises cease to be unoccupied, especially where, as in this case, the houses are for rent; and it is not conduct of which the assured ought to complain that the insurance company has not chosen to exercise its right to forfeit the policy because of the temporary breach of condition.

It is conceded by appellee that had the condition been merely that the policy should become void if the building insured be or become vacant and unoccupied without the consent of the company indorsed in writing, in such case if the agent should take the premium and issue the policy with full knowledge that such building is vacant and unoccupied, the company would be estopped to assert the condition as a bar to recovery.   The consent of the company might in such case be presumed, and the indorsement of it in writing be considered waived.   But such is not the condition in the case at bar.

It appearing, then, that the property was vacant and unoccupied at the time of the fire, and had remained so for much more than the specified ten days, we are of opinion that appellee was not liable to the assured upon the policies in question. It follows that the statement to that effect made to appellant by the agent, Smith, was correct, and that no fraud or deception was thereby practiced upon appellant.

Appellant was not, therefore, fraudulently induced to surrender and cancel her said policies by such representations, and we do not deem it necessary to discuss what would have been the effect of her release and waiver of interest in the policies had she then possessed any valid claim thereunder. She received the return premium, and surrendered and delivered the policies to the appellee as her own voluntary act with correct information as to her rights.

The action in this case was not brought within twelve months after the fire, although the policies in controversy provide that no such action shall be sustainable unless commenced within that time. This clause is a valid and binding agreement between the parties, Phœnix Ins. Co., of Brooklyn, v. Lebcher, 20 Ill. App. 450; Johnson v. Humboldt Ins. Co., 91 Ill. 92.

It does not appear that appellant ever waived the limitation or estopped itself from asserting such defense. The action is undoubtedly based upon the policies. The fact that the policies were not in the possession of appellant did not preclude her suing upon them within the time limited. Appellant was only liable, if at all, under the policies. If appellee had any claim it was upon the policies. The conditions were equally binding upon both parties to the contract. There is no evidence that the assured was ignorant of the condition. But in view of the conclusion as above stated, that appellee was not liable under the policies, it is unnecessary to extend the discussion upon this point.

For the reasons indicated, the judgment of the Circuit Court must be affirmed.