Joseph Cunat et al., Appellees, v. Supreme Tribe of Ben Hur, Appellant.

Gen. No. 15,316.

1. INSURANCE—*what misrepresentations do not void policy.* Nothing

can be false which lacks *mala fides* in the party making the statement challenged as false.    An erroneous conclusion as to relationship does not void the policy.

2. FRATERNAL BENEFIT SOCIETIES—*effect of ineligibility of one of two joint beneficiaries.* If either of two joint beneficiaries be ineligible, the other takes the entire fund.

Assumpsit.    Appeal from the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding.    Heard in this court at the March term, 1909.    Affirmed.    Opinion filed October 6, 1910.

MANN & MILLER and ARTHUR J. DONOVAN, for appellant; BENJAMIN CRANE, of counsel.

L. A. KAPSA and CHARLES C. SPENCER, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellant is a fraternal benefit association, chartered as such to do business by the State of Indiana, pursuant to its laws regulating the incorporation of such associations. In virtue of its charter powers it issued certificates of insurance upon the life of its members, the beneficiaries of which are circumscribed by the laws of the State and the order and the provisions of the certificate to certain classes specified thus in the Indiana statute and appellant's charter: "Payment of death benefits shall be to the families, heirs, blood relatives, affianced husband and affianced wife of, or to persons dependent upon the member."

Golden Crown Court No. 284, a subordinate court of appellant at Chicago, had a member named Katherine Hubicka, to whom it issued a benefit certificate in the sum of $1400 and named as beneficiaries therein, in compliance with a designation made in Katherine Hubicka's application, "Joseph and Mary Cunat, bearing to her the relationship of cousins."    Katherine Hubicka died and this suit was brought to collect the amount of the certificate by the beneficiaries named, the appellees.    The cause was tried before a judge of the Municipal Court, who resolved the contentions favorable to appellees and judgment for the amount of the certificate, with interest, was entered against appel-.

lant, who prosecutes this appeal with the purpose of reversing the result reached by the trial court.

The important features of the case are embodied in a stipulation of facts between the contestants made in the trial court, and under which the cause in the main was tried. Among the facts so stipulated these are found:

"7th. Katherine, also known as Kate Hubicka, now deceased, for about 25 years immediately preceding the time of her death and at the time of her death, lived with the family of Joseph Cunat and Mary Cunat, his wife; that said Mary Cunat was related to said Katherine Hubicka as first cousin, and that Joseph Cunat bore no relation to said Katherine Hubicka.

"10th. Said Katherine Hubicka paid all dues and assessments required to be paid under and in accordance with the provisions of the law of the order up to .the time of her death, and that proofs of death as required by the by-laws of defendant were made and submitted in apt time.

"11th. Said Katherine Hubicka came to her death at the age of about 31 years on March 15, 1907, leaving her surviving John Cerny and Anna Borovansky as her only heirs at law."

Among the laws of appellant working a forfeiture of and making void a benefit certificate is this one:

"1. If the holder thereof, or member in his application, upon which such certificate was based and issued, gave any false answer to any question therein contained. * * *"

Also the following provision regulating payment of benefit where the beneficiary named predeceases the member:

"Sec. 121. In the event of the death of a designated beneficiary prior to the death of the member, and the member dies without having made disposition of said portion of all his certificate, the same shall be paid to the legal representative of said deceased member for the use and benefit of the deceased member's heirs. * *"

Counsel have ingeniously presented and discussed the law applicable to every conceivable phase of this case, but as a matter of fact the controverted questions, as we view them, are circumscribed within a very narrow compass. We do not purpose, because unnecessary, to follow counsel in all

.the intricacies of their wanderings into the domain of the law, but will rest content by confining our opinion to those matters upon which, in the view we take of the case, our judgment must rest.

The basis of this contest rests in the fact, undenied and undeniable, that Joseph Cunat was not a cousin to Katherine Hubicka, the member, but that his wife, Mary, was. Neither was Joseph an heir at law. Consequently he was not eligible as a beneficiary or capable of demanding any part of the money due and payable under the certificate. From this condition it is contended that the certificate is void; and that if not void, that Mary Cunat is entitled to receive only one-half of the amount due under the certificate.

The contention that the certificate is void is grounded on the claim that the representation in the application that Mary and Joseph were cousins amounted to a warranty and was untrue, and that therefore the act of issuing the certificate by appellant was *ultra vires* as beyond its charter power.

We think it beyond cavil that the certificate was good as to Mary Cunat, who bore the designated relationship to the member and is therefore not an *ultra vires* act as to her. If both Mary and Joseph were ineligible as beneficiaries, then the doctrine of Steele v. Fraternal Tribunes, 215 Ill. 190, would be invokable, for it is well settled in this State that there can be no estoppel of a corporation as against an act wholly *ultra vires.*

Neither is the contract void for misrepresentation as to the relationship of the beneficiaries to the member. That which voids the certificate under the rules of appellant is "a false answer to any question" in the member's application. Nothing can be false which lacks *mala fides* in the party making the statement challenged as false. In the case at bar the statement of the relationship of Joseph was simply an erroneous conclusion of the member upon the facts. It is a common or trite saying that husband and wife are one, but as a matter of law they are distinct entities, each responsible to the law individually. Among English speaking people marriage unites not only the parties but the families of each to

the other; so that aunts and uncles, nephews and nieces, cousins and even parents, are colloquially referred to and called indiscriminately, without any regard as to which of the two they are in fact related to, by the same relative name by each of the conjugal partners. When fraud is averred it must be sustained by proof of the conscionable knowledge of the fraud alleged by the party charged with the perpetration of such fraud. From this record it clearly appears that Katherine Hubicka sprang from a humble walk of life. She was an unsophisticated young woman of foreign birth, who came to this country at a very immature age and whose life here was spent in the domesticity of the home of appellees. Her experience in the world was limited and there is nothing in this record which would warrant, from any act of hers, the assumption that she intended to practice a fraud upon appellant by making a false statement of the relationship of appellees toward her. On the contrary, the fact that she stated that Mary and Joseph were husband and wife was sufficient to put appellant on inquiry, for if they were cousins to Katherine Hubicka they were cousins to each other, a degree of affinity within which the statutes of this State prohibit marriage. Then again there was nothing to be gained by deceit in this regard, for no special advantage would result to Katherine Hubicka by making both beneficiaries instead of one, and no fraud is charged or proven against appellees in the transaction. The statement was not in any sense a material one, for its admitted inaccuracy does not tend to place any additional burden upon appellant. The statement in the light of the facts does no more constitute a warranty than the answers in M. M. L. I. Co. v. Link, 230 Ill. 273, affirming 131 Ill. App. 89, or the representations in Supreme Lodge v. Hutchinson, 6 Ind. App. 399, or Standard v. Martin, 133 Ind. 376. The certificate being enforceable, it only remains to decide whether Mary Cunat should receive the half or the whole amount payable under it. It is our opinion that Mary Cunat should receive the whole amount. It will be noticed that there is no designation as to any aliquot part which shall go to one or the other. No division of the

amount was attempted.   It was made payable to Mary and Joseph Cunat.   Mary being eligible to take, and Joseph ineligible, Mary takes the whole.   She fulfils, as cousin to the deceased member, the relationship stated in the certificate and provided by the rules of the order.   There is authority in this and other States sustaining such conclusion.   Whatever may be said concerning the decision in Flannery v. Gleason, 133 Ill. App. 398, it is sufficient to remind counsel that under our statute it is not an authority in this case for any purpose.

In Norwegians Old Peoples Home Society v. Wilson, 176 Ill. 94, the certificate directed that one-half each be paid to Danielson and the Home.   The certificate in some respects was similar to the one before us, more particularly in its provisions concerning the failure of the member to make disposition of any portion of the certificate, and directing that such undisposed of portion be paid to the heirs at law of the deceased member.   The court ordered the one-half which would have been taken by the Home, if eligible, to be paid to the heir of the member.   This case is clearly distinguishable from the one under discussion.   Here the amount of the certificate is to be paid to cousins, the one bearing that relationship (while the other, erroneously named as cousin, is ineligible, because such relationship does not exist), takes the whole as constituting the class designated in the certificate and permitted by the rules of the order.   In Grimme v. Grimme, 198 Ill. 265, under a similar certificate payable to the wife and father of the member of a fraternal benefit society, the court holding that under the laws of the order the father was not eligible, the whole amount was by the court awarded to the surviving wife.   It is true that there was a finding that the member left no descendants surviving him, but nothing can be gathered from any expression in the opinion that the presence of descendants would have affected the decision.

We cannot see that the doctrine of survivorship is in any way invokable.   Mary does not survive Joseph, because they are both alive.   Mary does not survive to any interest of Joseph because Joseph never had any interest.   Being ineligible

to take any benefit under the certificate, it must be treated as though his name did not appear in it; consequently Mary takes as cousin. If the heirs have any interest, they are not asserting it, nor are they before the court in this proceeding making any claim.

In Beard v. Sharp, 100 Ky. 606, the two beneficiaries named were given one-half each of the amount insured. One was ineligible and could not take, and an award of the whole to the remaining eligible beneficiary was upheld. Caudell v. Woodward, 96 *ibid.* 646.

While Joseph Cunat is not entitled to receive any part of the amount due under the certificate, yet the action being brought on that document he is a necessary party plaintiff. Mary Cunat is the real party in interest, but as said in Schiff v. Supreme Lodge, 64 Ill. App. 341; "The appellee has no concern with the use." So in this case, appellant has no concern as to whose use this action is brought. It has no effect on its liability. C. B. & Q. R. R. Co. v. Emmons, 42 *ibid.* 138; Jones v. Maxton, 100 *ibid.* 201; Martin Deutscher Frauen Verein v. Mueller, 140 *ibid.* 621.

This action was tried before the court without the intervention of a jury. The Municipal Court Act has relieved that *forum* from many of the technicalities of procedure obtaining in the common law courts. We are not permitted by the Municipal Court Act to reverse a judgment of that court unless some substantial error of a prejudicial nature appears in the record. As shown by the record before us, the judgment of the Municipal Court upon the merits does justice between the parties, and it is therefore affirmed.

*Affirmed.*