## Jennie Martin, Appellee, v. Fraternal Reserve Life Association, Appellant.

### Gen. No. 6,094.

1. INSURANCE, § 868*—*when averment as to suicide of deceased insufficient.* In an action on a mutual benefit policy of insurance, a plea averring that the deceased died by his own hand or act, while sane, is not sufficient as an averment that he committed suicide.

2. INSURANCE, § 868*—*when averment of suicide insufficient as defense.* A plea in an action on a mutual benefit insurance policy, averring that the deceased died by his own hand or act, *held* insufficient to set up the defense provided by a by-law stating that no recovery could be had if the insured "die by his own hand or act," whether sane or insane, inasmuch as the deceased might have died while in a state of transitory mental disorder, such as a trance, epilepsy, hysteria or delirium, which does not constitute insanity.

3. INSANE PERSONS, § 1*—*what does not constitute insanity.* The definition of insanity does not include certain states of transitory mental disorder, such as trances, epilepsy, hysteria and delirium.

4. INSURANCE, § 747*—*when insured bound by change in by-laws.* A beneficiary's right of recovery under a mutual benefit insurance policy, issued subject to changes in by-laws and constitution of the insurer, is governed by such by-laws in force at the time of the deceased's death.

5. INSURANCE, § 744*—*when application part of contract of fraternal insurance.* The application for membership in a fraternal insurance society must be considered part of the contract of insurance.

6. INSURANCE, § 859*—*when by-law limiting time for commencement of suit valid.* A by-law of a fraternal insurance society providing that no suit may be brought in a policy unless begun within six months of the death of the insured, *held* valid and binding.

### On Rehearing.

INSURANCE, § 868*—*when plea of suicide sustained.* In an action on a mutual benefit life insurance policy, having indorsed thereon a condition to the effect that if the insured should die "by suicide (except it be shown conclusively that he was and had been insane from disease or injury)," the policy should be null and void, a plea that the insured committed suicide or died by his own hand or act while sane was sustained, inasmuch as such plea was more favorable to the plaintiff than the condition required.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Rock Island county; the Hon. ROBERT W. OLMSTED, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed April 14, 1916. Rehearing denied and additional opinion filed May 24, 1916.

ROBERT H. LOVETT and GEORGE C. WENGER, for appellant.

SEARLE & MARSHALL, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from a judgment rendered in the Circuit Court of Rock Island county for $2,281.65, in a suit by the appellee, Jennie Martin, against the appellant, the Fraternal Reserve Life Association, to recover, as beneficiary of a benefit certificate issued to her husband, William B. Martin, by the "Miner of Honor Benefit Order," a fraternal society, whose original name was changed to that of Fraternal Reserve Life Association. Certain defenses to a recovery on the benefit certificate were embodied in special pleas filed by the appellant, to which the court sustained demurrers. These pleas are the amended second, third and fourth special pleas, and the fifth and sixth special pleas, and the seventh, eighth and ninth additional special pleas, which were filed by leave of court.

All the pleas allege that William B. Martin, in his application for membership in the Fraternal Reserve Association in question, expressly agreed to conform in all respects to the constitution, laws, rules and usages of the Order, then in force or which might thereafter be adopted. The second amended plea sets out section 2 of article 12 of the alleged by-laws of the Order, which, it is averred, was in force at the date of the issuance of the certificate of insurance, and re-

mained in full force and effect all the time, and to the date of the filing of the pleas. This section of the by-laws provides that if a member of the Order dies in consequence of a duel, or by the hands of justice, or in consequence of the practice of any pernicious act that tends to shorten life, or by suicide, whether he or she be sane or insane, the certificate of membership in such case shall be null and void; and the plea then further avers that said William B. Martin did die by his own hand or act while sane; and that therefore the certificate of insurance became, by this act of said deceased, null and void.

The amended third plea sets out the same section and article of the by-laws which is set out in the amended second plea, and avers that said William B. Martin did die by his own hand or act; and that having thus died by his own hand or act, said insurance certificate, by virtue of the by-law in question, became null and void.

Special plea No. 5 avers that the order in question, on February 25, 1904, adopted as one of its by-laws, section 51, which is to the effect that the benefit certificate issued to a benefit member by the association, and his written acceptance thereof, his application for membership and the laws of the association, shall be taken together as constituting the contract made by and between each member and the association; and that such contract shall be forever subject to the condition that the same may at any future time be modified by legally enacted amendments to the constitution and by-laws of the association. It also avers that one of the by-laws of the association, in force on and since the 25th day of February, 1904, and to the time of the filing of the plea, is section 53, which provides that if a benefit member of the association die by his own hand or act, whether sane or insane, nothing in the terms or conditions of his benefit certificate shall be held or understood to entitle his beneficiaries to any

part or share in any money fund or property of the association; and then avers that the said William B. Martin did die by his own hand or act, while sane; and that therefore by virtue of the by-law in question, the insurance certificate, or certificate of membership upon which plaintiff's action is founded, became and is wholly null and void.

The sixth special plea sets out substantially the same matters as the fifth special plea, in reference to the by-laws of the association, including the one in reference to self-destruction, and then avers that said William B. Martin did die by his own hand or act; and that therefore, because he died by his own hand and act, the insurance certificate, or certificate of membership on which plaintiff's action is founded, became null and void.

Additional special plea No. 8 alleges practically the same facts as special plea No. 5, and sets out the same sections of the by-laws alleged to have been regularly adopted, and in force at the time of the death of the holder of the certificate, including section 53, in reference to self-destruction; and then avers that said William B. Martin died by his own hand and act while sane; and that, therefore, the insurance certificate, or certificate of membership upon which plaintiff's action is founded, became and is wholly void.

Additional plea No. 9 sets out section 2 of article 12, of the by-laws of the "Miner of Honor Benefit Order," averred to be in force at the time of the issuing of the certificate in question, and at the time of the death of the certificate holder, to the effect that if the miner dies by suicide, whether he or she be sane or insane, the certificate of membership shall become null and void; and then further avers that the said William B. Martin did die by committing suicide, while sane; and that therefore the insurance certificate, or certificate of membership upon which plaintiff's action is founded, became and is void.

Special plea No. 7 sets out certain conditions, alleged to be a part of the contract of insurance and attached to the benefit certificate, which contains the clause that if the holder of the certificate shall die by suicide (except it be shown conclusively that he was and had been insane from disease or injury) that then the certificate shall be null and void in every respect, and of no effect whatever, and all moneys which may have been paid, and all rights and benefits which may have accrued by the certificate, shall be forfeited absolutely and forever, and be of no avail; and then avers that said William B. Martin did die by committing suicide, while sane; and that therefore the insurance certificate, or certificate of membership upon which plaintiff's action is founded, became and was wholly void and of no effect.

Amended special plea No. 4 sets out that part of the application for membership by which the applicant agreed to conform in all respects to the constitution, by-laws, rules and usages of the Order then in force, or which might thereafter be adopted by the order; and sets out a certain by-law averred to have been regularly adopted and in force at the time of the death of the deceased, which is known as section 1 of article 12, and is to the effect that no action shall be maintained, nor recovery had, for any claim arising upon any certificate of membership, after the lapse of six months from the date of the death of a member, unless suit is brought upon such claim within six months from such death; and failure to sue within such time shall be a bar to any recovery upon any such claim; and avers that the plaintiff did not bring this suit until long after the lapse of the six months' period provided for in the by-laws in question; that is to say, six months after the death of said William B. Martin, which occurred on November 3, 1911; and that therefore a recovery on the certificate in question is barred.

We are of opinion that the court properly sustained the demurrer to amended special plea No. 2, and amended special plea No. 3, also to special plea No. 6; but that the other special pleas alleged facts which constitute a legal defense to a recovery upon the certificate in question.

Amended special plea No. 2 is defective in this,— that the averment that Martin died by his own hand or act, while sane, does not necessarily imply that, he died by suicide, which is the real basis claimed for avoiding a recovery on the policy under the section of the by-law set forth in the plea. Suicide is the act of taking one's own life voluntarily and intentionally; or the deliberate and intentional destruction of his own life, by a person of sound mind. A person might die by his own hand or act, while sane, and yet the act causing death be unintentional or accidental.

Amended special plea No. 3 is defective for the same reason. The allegation in that plea is merely that he died by his own hand or act, without any averment that such act was intentional or deliberate, or done for the purpose of destroying his life, which would be necessary to bring it within the definition of suicide.

Special plea No. 6 is defective for the same reason. The plea is based upon section 54 of the by-laws, which provides that if a member die by his own hand or act, whether sane or insane, that the beneficiary shall not be entitled to recover; and the averment is merely that William B. Martin did die by his own hand or act, without any allegation that he was sane or insane at the time. If he died by his own act, while in a state of transitory mental disorder, such as a trance, or epilepsy, or hysteria, or delirium, he could not be considered either as sane or insane; and hence his act of self-destruction, while in a delirium or in a trance, could not be considered as within the provisions of the by-law mentioned.

The definition of insanity does not include certain

states of transitory mental disorder, such as trances, epilepsy, hysteria and delirium; and it is usually clear that a person in such a condition of mental disorder could not legally be regarded as sane, because sanity necessarily implies a mental condition which is normal.

The averment in special plea No. 5, however, that said William B. Martin died by his own hand or act, while sane, is directly within the scope of the provision of section 53 of the by-laws of the association against self-destruction, and would operate as an avoidance of the certificate; and the same may be said of the averments in additional plea No. 8 and additional plea No. 9, which are based upon different sections of the by-laws of the Order in question. These pleas, therefore, constituted a proper defense to a recovery upon the certificate. If the by-laws were properly adopted and in force at the time of the decease of the certificate holder, he was bound by them as constituting a part of his contract.

Appellee insists that the application for membership made by the certificate holder is not a part of the contract of insurance. It is the well-settled law of the State, however, concerning fraternal insurance societies, that the application for membership must be considered a part of the contract of insurance; and that where a member agrees, in his application, to abide by and be bound by subsequently adopted by-laws, he is bound by them, unless the by-laws are unreasonable. (*Smith v. Mutual Reserve Fund Life Ass'n*, 140 Ill. App. 409; *Scow v. Royal League*, 223 Ill. 32; *Grand Lodge A. O. U. W. of Illinois v. Oetzel*, 139 Ill. App. 4; *Moerschbaecher v. Royal League*, 188 Ill. 9.)

"In construing the contract by the holder of the certificate, or, rather, that made between the member and the corporation,—the application, the examination by the physician, the constitution and by-laws and the certificate issued are all to be construed together as

the contract between the parties." *Fullenwider v. Royal League,* 180 Ill. 625.

It is practically conceded that the conditions set out in special plea No. 7 are a part of the insurance contract, and the facts alleged in the plea constitute a bar to recovery.

Amended special plea No. 4, which sets out the by-law of the association, averred to be properly adopted and in force at the time of the death of the certificate holder, is a good plea in bar of the action. The limitation fixed by the by-law is that the suit for recovery on the certificate shall be commenced within six months from the death of the certificate holder, and is legal and binding. Similar limitations fixed by contract have been fully sustained by courts of review. *Metropolitan Accident Ass'n v. Clifton,* 63 Ill. App. 153; *Heffron v. Rochester German Ins. Co.,* 119 Ill. App. 571; *Humboldt Ins. Co. v. Johnson,* 1 Ill. App. 312; *Ronan v. Michigan Mutual Life Ins. Co.,* 96 Ill. App. 355; *Merchants' Life Ass'n v. Treat,* 98 Ill. App. 60; *Richter v. Michigan Mut. Life Ins. Co.,* 66 Ill. App. 606; *Stephens v. Phœnix Assurance Co.,* 85 Ill. App. 671; *Riddlesbarger v. Hartford Fire Ins. Co.,* 7 Wall. (U. S.) 390; *French v. Lafayette Ins. Co.,* 5 McLean (U. S.) 463; *Williams v. Vermont Mutual Fire Ins. Co.,* 20 Vt. 230; *Wilson v. Aetna Ins. Co.,* 27 Vt. 101; *Peoria Marine & Fire Ins. Co. v. Whitehill,* 25 Ill. 388; *Smith v. Herd,* 110 Ky. 56; *Küsell v. Mutual Reserve Life Ins. Co.,* 131 Iowa 54.

For the reasons stated, the demurrers to special pleas numbers 4, 5 and 7 and to additional pleas numbers 8 and 9 should have been overruled. The judgment, therefore, should be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Upon Petition for Rehearing the Following Additional Opinion Was Filed.

Per Curiam.   In her petition for rehearing appellee calls attention to the condition on the back of the certificate sued on and referred to in the policy, to the effect that if the member shall die "by suicide (except it be shown conclusively that he was and had been insane from disease or injury)," the certificate shall be null and void, and urges that this permits a recovery if the member died by suicide while insane, and that the alleged by-law conflicts therewith, and that the certificate should prevail over the by-law.   An examination of each plea approved in the foregoing opinion will show that it alleges that Martin committed suicide, or died by his own hand and act, *while sane,* except one plea which does not relate to that subject but sets up a limitation in bar.   The pleas which we sustain are therefore more favorable to appellee than the condition on the back of the certificate.   By the condition the proof must show conclusively that the member who took his own life was insane from disease or injury to permit a recovery, while under the pleas if the evidence is evenly balanced as to whether the member who took his own life was then sane, the beneficiary would recover.

*Rehearing denied.*