William C. Hubbell, Appellee, v. Fidelity Life Association, Appellant.

Gen. No. 9,196.

Opinion filed April 14, 1937.

CHARLES E. STURTZ, of Kewanee, and JOHN W. LEEDLE, of Wheaton, for appellant; WILLIAM C. EWAN, of Kewanee, of counsel.

RUNYARD & BEHANNA, of Waukegan, for appellee; WILLIAM R. BEHANNA, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

The Mystic Workers, a fraternal beneficial society incorporated under the Illinois Fraternal Society Act in force prior to July 1, 1936, issued its benefit certificate to Albert Sauer, one of its members, for the

sum of $2,000 payable upon his death to his wife, Margarethea Sauer, the beneficiary named in the certificate by Albert Sauer. After the certificate was issued, the name of the Mystic Workers Society was changed to Fidelity Life Association. Margarethea Sauer died September 26, 1924, and on August 20, 1932, the assured executed in due and regular form, the certificate of change of beneficiary attached to the benefit certificate and therein he designated, "The First Lake County National Bank of Libertyville, Illinois, as trustee under Trust #56," as the beneficiary of the benefit certificate. William C. Hubbell has succeeded the bank as trustee under trust #56. The Fidelity Life Association never consented to the change of beneficiary as made by Albert Sauer. Albert Sauer died October 20, 1934, and on March 28, William C. Hubbell, as successor in trust under trust #56, filed in the circuit court of Lake county his complaint against the Fidelity Life Association, basing his right of action on the benefit certificate and the executed certificate of change of beneficiary attached to the benefit certificate. The suit is in law between the said trustee, plaintiff, and the Fidelity Life Association, defendant. The cause was heard before a judge without a jury and judgment was rendered in favor of the plaintiff.

The controlling point in the case is whether the trustee named in the trust agreement creating trust #56, was an eligible beneficiary of the benefit certificate. The certificate provided that: "The by-laws of the Mystic Workers now in force, or as hereafter modified, amended or enacted, are hereby referred to and made a part of this contract as fully as if set forth in full herein." When the certificate was delivered to Albert Sauer, he signed a statement reciting: "I accept this certificate and agree to all the conditions herein contained." If the trustee named in the trust agreement was not an eligible beneficiary under the by-laws

in force at the time the change of beneficiary was asked, the disposition of the proceeds of the certificate is governed by the by-laws of the defendant. (*Catholic Knights of America v. Franke,* 137 Ill. 118.) In 1934 the constitution and by-laws of the defendant provided that in the event a beneficiary named in a certificate predeceased the member, and if no other designation of a beneficiary is made by the member, and if member left surviving no widow, child, or children, and if no child or children nor descendants of such child or children, the benefits shall be paid to such person or persons who may be entitled to the same under and in accordance with the statute of the State of Illinois on the subject of "Descent." The by-laws of the defendant (in force 1930–1934) provided as follows: "No suit at law or in equity shall be maintained against the Association upon any death, accident or disability claim, unless said suit shall be brought within one year after the death, accident or disability on which said claim is based. All claims upon which suit is not so brought shall be forever barred." (*Martin v. Reserve Association,* 200 Ill. App. 359; *Cunat v. Supreme Tribe B. H.,* 157 Ill. App. 138.) Albert Sauer left him surviving a brother and a large number of nieces and nephews as his only heirs-at-law.

It is contended by the defendant, that the question of the eligibility of the plaintiff as a beneficiary of the certificate depends on the construction of the trust agreement, and the legal force and effect of certain clear provisions thereof, which was made by Albert Sauer and the First Lake National Bank of Libertyville, on August 20, 1932, creating what is designated "Trust #56." It is also argued by the defendant that the trust instrument does not include within its terms the benefit certificate as a part of the trust estate. It is further contended that provisions of the trust agreement empowers the trustee to divert pro-

ceeds of the benefit certificate to purposes and uses prohibited by statute.

The terms of the statute referred to, were, in 1932, as follows: "Any such society, order, or association, may create, maintain and disburse a reserve fund in accordance with its constitution and by-laws. Such reserve fund, if any, shall represent certain prescribed accumulations or percentage retained for the benefits of its members or their beneficiaries and no part thereof shall be used for expenses, nor for any purpose except the payment of death and disability claims." "The money or other benefit, charity, relief, or aid to be paid, provided or rendered by any society authorized to do business under this act, shall not be liable to attachment by trustee, garnishee or other process, and shall not be seized, taken, appropriated, or applied by any legal or equitable process, or by operation of law to pay any debt or liability of a certificate holder, or any beneficiary named in a certificate, or of any person who may have any right thereunder." The amount to be paid under the benefit certificate now in question was protected by a reserve fund of the defendant. In the case of *National Union v. Keefe,* 263 Ill. 453, it is stated: " It is sometimes specially provided that such fund shall not be liable to be applied by any legal or equitable process to the debts of either the member or the beneficiary. The object is to make it certain that the fund shall be paid only to the persons within the terms of the act, and the designation of a creditor as a beneficiary, unless creditors are within the terms of the act, is absolutely void." These statutory provisions could not be waived by the defendant. (*Grand Lodge A. O. U. W. v. Ehlman,* 246 Ill. 555.) They were binding on the certificate holder and prevented him from directing that the proceeds of the certificate be used to pay his debts or be paid to persons not designated as beneficiaries by the terms

of the act. This was true whether the member designated a beneficiary according to the constitution and by-laws of the society or by some other means of designation.

Before stating the terms and provisions of the trust agreement, it is deemed advisable to quote from the constitution and by-laws of the defendant, in force 1930–1934, providing as follows: "The payment of death benefits shall only be made to the families, heirs, wife, husband, father-in-law, mother-in-law, son-in-law, daughter-in-law, (brother-in-law, sister-in-law, by-laws 1934) step-father, step-mother, step-children, step-brother, step-sister, children by legal adoption, parents by legal adoption, affianced wife, or affianced husband of the member, a person or persons upon whom the member is dependent, a person or persons dependent upon the member, or to a trustee for the sole benefit of any person or persons within the above classes, and to such other person or persons as the statute may from time to time permit. . . . No beneficiary shall have or obtain any vested interest in such benefits until the same has become due and payable upon the death of the members." This provision of the by-laws was in the identical words of the statute in force 1930–1934, naming the classes as eligible beneficiaries. Bearing on the question presented in this case, it is stated that the benefit fund of the defendant was created and was to be paid out for the sole use and benefit of the person or persons within the classes mentioned in the said by-laws and the statute. (*Bacon Ben. Society*, secs. 168, 244; *Royal League v. Shields*, 251 Ill. 250; *National Union v. Keefe, supra*.)

On August 20, 1932, Albert Sauer entered into a written trust agreement with the First Lake County National Bank of Libertyville, which agreement created what is herein known as Trust #56. The agreement provided that the plaintiff should be the successor in trust upon the dissolution of the bank. The

plaintiff has succeeded the bank as such trustee. The agreement recited that the bank had received from Albert Sauer certain property, consisting chiefly of promissory notes, shares of stocks and bonds, specifically enumerated and described in the agreement. It contained no provision providing that additional property might become a part of the corpus of the trust created. The agreement sets forth specifically the duties of the trustee, and among others, that upon the death of Albert Sauer the balance of the trust funds in the hands of the trustee should be disposed of as follows: First, by the payment of all debts and funeral expenses of Albert Sauer. Second, that the household furniture and effects in his home should be divided among certain beneficiaries named in the agreement. Third, that the sum of $1,000 should be paid to the trustees of the Evangelical Church at Long Grove, in the town of Vernon, Lake county, in trust. Fourth, that the sum of $250 should be paid to the Evangelical Home for Children and Aged at Bensonville, less any payment or contribution made by Albert Sauer during his lifetime to said home. Fifth, the payment of $500 to Charles Armbruster, a nephew of Albert Sauer. Sixth, to distribute or pay all the rest, residue and remainder of said trust fund into eight of Albert Sauer's nieces and nephews, share and share alike. The trust agreement also provided as follows: "The interest of the beneficiaries of said trust and each and every one of them are not subject to assignments, either voluntary or involuntary except that the same shall descend to the administrator or executor of said beneficiaries at their death, but said interests are payable to the beneficiaries in their own proper person when and according to the terms of this trust agreement."

Under date of August 18, 1932, the said bank wrote to the defendant society inclosing the benefit certificate and requested that the beneficiary be changed from

Margaretha Sauer to "The First Lake County National Bank of Libertyville, as Trustee under Trust #56, Libertyville, Illinois." The defendant replied to this letter on August 24, 1932, and requested that the bank send a copy of the trust agreement to them, and inclosed a form of "Request for Change of Beneficiary," together with a copy of the defendant's by-laws relative to beneficiaries. Under date of August 26, 1932, the bank forwarded to the defendant a copy of the trust agreement and advised them that the bank was asking Albert Sauer to sign a new request for change of beneficiary and that the bank would forward the application as soon as it was received. Under date of August 30, 1932, the bank forwarded to the defendant the benefit certificate with the beneficiary changed and re-named as "The First Lake County National Bank of Libertyville, as Trustee under Trust #56 Libertyville, Illinois." Under date of September 9, 1932, the defendant returned the certificate and informed the bank that in the opinion of their attorney, they could not comply with the request of Albert Sauer to name the bank as beneficiary of the certificate as requested. On September 13, 1932, the bank by letter asked the defendant to inform them of the part of the trust agreement which prevented them from naming the beneficiary as requested. The bank also stated that all the other property of Albert Sauer had come into the trust and that if necessary the trust could be amended to cover any reasonable objection raised by the defendant's attorney. In answer, under date of September 14, 1932, the defendant forwarded to the bank, a letter from Charles Sturtz, its attorney, dated September 8, 1932, in which he pointed out: First, That the trust agreement as then prepared, did not include the benefit certificate, and that the certificate did not fall within the terms of said instrument. Second, that the bank could not be named as beneficiary legally under such trust agreement because the trustee

was authorized to pay from the trust funds all debts and funeral expenses of Albert Sauer. Third, that the benefits collected on the certificate could not be used for such purposes, nor could the certificate be made payable to the insured estate, but must be paid to someone who was entitled to receive the same under the statute. Fourth, that if the trust agreement directed and authorized the trustee to pay the proceeds from such insurance to certain relatives of the insured who were recognized under the statute and the laws of the defendant as legal beneficiaries, then there would be no objection. This last letter terminated the correspondence relative to the change of beneficiary, and the defendant received no further advice as to what action had been determined upon by Albert Sauer.

The statute named as an eligible beneficiary of the benefit certificate, ''a trustee for the sole benefit of any person or persons within the above classes.'' Thus the statute by express terms limited the proceeds of a certificate to the sole benefit of the beneficiaries named in the statute. Neither expressly or by implication did the statute confer upon the member, or certificate holder, any interest or property in the benefit fund of the defendant which could be impressed with a trust providing for the payment of the debts of the member or making gifts in trust to persons not eligible as beneficiaries of the benefit certificate. To hold otherwise would permit a diversion of the benefit fund of the defendant for purposes not permitted by the statute and foreign to the object and aim of beneficial societies which limit the persons, who may be beneficiaries of its benefit fund, to those who are heirs, relatives or dependents of its members. (*Grand Lodge v. Ehlman, supra; Bacon Ben. Society,* sec. 168.) The member of a fraternal benefit society has, himself, no property interest in the benefit fund of the society. He has the right to provide such a fund and the power to dispose

of the proceeds of his certificate arising out of such fund by the designation of a beneficiary of the certificate who is eligible under the statute and the contract of insurance. Otherwise, the member cannot control or dispose of the fund. It has been held that a member of a fraternal beneficial society cannot impress the proceeds of a benefit certificate with a trust in favor of his creditors or estate. *Boasburg v. Cronan,* 9 N. Y. Supp. 664; *Finnell v. Franklin,* 55 Colo. 156, 134 Pac. 122; *Warner v. Modern Woodmen of America,* 67 Neb. 233, 93 N. W. 397; *Cowin v. Hurst,* 124 Mich. 545, 83 N. W. 274; *Peek v. Peek,* 101 Ky. 423, 41 S. W. 434; *Niblack, Ben. Society,* sec. 208; *Bacon Ben. Society,* sec. 244 (a).

When Albert Sauer executed the change of beneficiary certificate, the constitution and by-laws of the defendant provided as follows: ''Any benefit member in good standing, desiring to change his beneficiary, or reduce the amount of his certificate, shall make application to the secretary's office in writing, designating changes desired. No change in beneficiary shall be effective until the new certificate, or the old certificate with such change entered thereon, shall be received by the member while living.'' This provision of the constitution and by-laws was a part of the contract of insurance. The plaintiff must look to the trust agreement to invest his precedent trustee with eligibility as a beneficiary of the benefit certificate at the time the change of beneficiary was asked. The defendant was justified in refusing to recognize or acknowledge the trustee-beneficiary designated by Albert Sauer, as he failed in his lifetime to name an eligible beneficiary of the certificate.

For the reasons as above stated, the judgment of the lower court is hereby reversed.

*Reversed.*